BERNICE J. HARRIS, RESPONDENT, v. CHARLES WALK, JR., AND EDWARD WALK, APPELLANTS.

Submitted October 26, 1929—Decided February 3, 1930.

For the appellants, *William L. Rae.*

For the respondent, *I. Ross McCombe.*

The opinion of the court was delivered by

KALISCH, J.  This is an appeal from a judgment entered in the Supreme Court, upon a verdict directed in favor of the plaintiff below, against the defendants below.  The action was one in replevin.

The salient facts developed by the testimony, are these: The plaintiff below, the respondent here, Bernice J. Harris, was the owner of a Buick sedan automobile, which had a Florida registration and license. She being ill, and living in New York City, requested her husband to place the automobile into dead storage for six months, and the latter, through one Freeman, who kept his own car in the garage of Kasten Brothers, Incorporated, in the city of Jersey City, made a bargain with the Kasten garage, that the plaintiff-respondent's automobile was to go into dead storage for six months, at five dollars per month, storage charges. There was no date given as to when the storage charges were to be paid. The car was stored in the Kasten brothers' garage on or about October 25th, 1926.

The uncontradicted testimony of Freeman, who stored the car, is that he was told at the time, by one of the Kasten brothers, that the company did not currently wish any payment of charges for storage. The car was sold by a constable on April 6th, 1927, under a lien claimed by the Kasten Brothers, Incorporated, for storage charges. The cost and storage charges amounted to, at the time of sale, twenty-seven dollars. Charles A. Walk, Jr., a county policeman, and the sole appellant here, bought the automobile at the sale.

The case is barren of any proof that any demand was ever made on the plaintiff-respondent to pay the accruing garage storage charges. There is proof, however, that statements of the amount due were sent to the plaintiff-respondent, but there is an utter absence of proof that at any time a demand was made for payment.

The plaintiff-respondent brought her action of replevin to recover possession of the car, and the defendants set up in their answer "that Charles A. Walk, Jr., purchased the car from one Lewis Schultz, a constable of the Second District Court of the city of Jersey City, under and by virtue of chapter 312 of the session laws of 1915, and amendments thereto, and rightfully took possession of said automobile, having title under a bill of sale, given to him by the said Lewis A. Schultz."

The title to and the right of possession of the automobile by the appellant is challenged upon two grounds:

(1) That the sale by the constable under the Garage Keepers' Lien was not advertised for the statutory period of two weeks as is required by section 2 of an act entitled, "An act for the better protection of garage keepers and automobile repairmen" (*Pamph. L.* 1915, *p.* 556), and as amended by (*Pamph. L.* 1922, *p.* 401, and *Pamph. L.* 1924, *p.* 424).

(2) Because there was no proof of an overt act of detention by the garage keeper brought to the knowledge of the plaintiff-respondent, which would have entitled her to discharge the lien, by payment of the charges against the automobile.

As to the first ground, the testimony discloses that the advertisement for the sale of the automobile to take place on April 6th, 1927, was for the first time published in the newspapers on Wednesday, March 23d, 1927, and for the second time, on Tuesday, April 5th, 1927. The course pursued was obviously not in compliance with the statutory mandate, requiring that two weeks' notice shall be given of the day of sale. The precise language of the statute is as follows: "After the expiration of thirty days from date of such detention be sold at public auction upon notice of said sale being first published for the space of two weeks, at least once in each week." It is obvious, that in the instant case two weeks notice was not given. The failure to obey the mandate of the statute renders the procedings of the sale a nullity. The law in that regard is too elementary and firmly settled to need any citation of cases on the subject. A leading case in this state is *Alden* v. *Newark,* 36 *N. J. L.* 288 (at *p.* 290); affirmed by this court in 44 *Id.* 648.

As to the second ground of challenge to the validity of the sale, in that, before a garage lien attaches, it is essential that it should appear that there is a *detention* of the automobile by the garage keeper, and that notice of such detention was given to the owner of the automobile, we think, is also well founded. The mere fact that there was storage rent due, and that a statement of the amount owing

had been sent to the owner, or to his or her authorized agent, without any demand of payment or unaccompanied by any circumstance indicating that the garage keeper would detain the automobile, does not give the latter, under the statute any right to a lien. The language and spirit of the statute expressly contemplate that there should be an overt act on part of the landlord, to detain the automobile and to enforce a lien, in order that the owner of the automobile be afforded an opportunity to protect his interest.

Judgment affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.