**SIRIS v. MADDEN et al.**

No. 6423.

Circuit Court of Appeals, Third Circuit.

Feb. 23, 1938.

Rehearing Denied April 19, 1938.

· Irvin M. Lichtenstein, of Camden, N. J. (Daniel Lowenthal, of Philadelphia, Pa., of counsel), for appellant.

Donald R. Taggart, of Collingswood, N. J., for appellees.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the District of New Jersey. The appellant is trustee in bankruptcy of C. W. Kersey & Son, Inc., which owned and operated a fleet of trucks. Prior to the filing of the petition in bankruptcy and the adjudication, the appellees, garage keepers, furnished accessories, gasoline and oil, and performed labor upon the trucks without knowledge of the insolvent condition of the corporation. The bankrupt retained possession and use of the trucks and the appellant as trustee subsequently sold them. The appellees claim the right to a garage keeper's lien to the proceeds. They rely upon the Garage Keepers' Lien Act of New Jersey 1925–1930 Supplement to Compiled Statutes of New Jersey, page 1014. Sections 1 and 2 of the act, R.S.1937, 2:60–21, 2:60–22, Comp.St.Supp. 1930, §§ 135—46, 135—47, provide:

"All persons or corporations engaged in the business of keeping a garage or place for the storage, maintenance, keeping or repair of motor vehicles and in connection therewith stores, maintains, keeps or repairs any motor vehicle or furnishes gasoline, accessories or other supplies therefor at the request or with the consent of the owner or his representative, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, has a lien upon such motor vehicle or any part thereof for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline, accessories or other supplies therefor, and may without process of law detain such motor vehicle at any time it is lawfully in his possession until such sum is paid; provided, however, that such lien shall not be superior to, nor affect, any lien, title or any interest of any person or corporation held by virtue of a prior conditional sale or of a prior chattel mortgage properly recorded. * * *

"Any person or corporation acquiring a lien under the provisions of section one of this act shall not lose such lien by reason of allowing the motor vehicle, or part or parts of the motor vehicle, to be removed from the control of the person or corporation having such a lien, and in case a motor vehicle, or part or parts, are so removed the person or corporation having the said lien may, without further process of law, but after demand of payment of claim either personally or by registered mail if owner's address is known, seize the motor vehicle, or part or parts thereof wherever the same is or are found within the State of New Jersey; provided, however, that such seizure can be made without the use of force and in a peaceable manner."

The referee in bankruptcy denied priority to the claim of the garage keepers. The District Court reversed.

Where the determination of the question involved depends upon the interpretation of a state act our courts are bound by the construction and interpretation placed upon the act by the court of last resort of the state. Burns Mortgage Co. v. Fried, 292 U.S. 487, 54 S.Ct. 813, 78 L.Ed. 1380, 92 A.L.R. 1193; Morehead v. New York ex rel. Tipaldo, 298 U.S. 587, 56 S.Ct. 918, 80 L.Ed. 1347, 103 A.L.R. 1445. We have examined the New Jersey cases cited to us by both sides and conclude that the opinion in Harris v. Walk, 106 N.J.L. 443, 148 A. 647, decided by the New Jersey Court of Errors and Appeals contains the latest authoritative construction of the Garage Keepers' Act by the New Jersey state courts. That case holds that, before a lien attaches by virtue of the act, it is essential that there be a detention of the automobile by the garage keeper and that notice of such detention be given to the owner of the automobile. There must be some overt act on the part of the garage keeper to detain the automobile and to enforce the lien. Applying the construction of the act found in Harris v. Walk, supra, we are of the opinion that the District Court erred in

holding that a lien may attach without some overt act upon the part of the garage keeper.

The order of the District Court is reversed.