## E. E. GILMORE *et al.* v. J. A. HIRST *et al.*
### No. 8257.

PROMISSORY NOTE— *Negotiability.* A promissory note for $2,246.50, otherwise negotiable, is not rendered non-negotiable by the addition of stipulations for the payment of interest on interest after maturity, and reasonable costs of collection, including attorney's fees, and that judgment may be entered thereon by any justice of the peace; nor by reason of a separate written agreement of the maker, of which the indorsee has no knowledge, to apply the proceeds of certain sales toward the payment of the note.

*Error from Miami District Court.*

ACTION by J. A. Hirst and J. W. Sponable against E. E. Gilmore and L. C. Gilmore on a promissory note. Judgment for plaintiffs. Defendants bring the case here. The case is stated in the opinion herein, filed April 11, 1896.

*W. H. Browne*, for plaintiffs in error.

*Sheldon & Sheldon*, for defendants in error.

The opinion of the court was delivered by

MARTIN, C. J. : On March 18, 1890, The Hancock County Importing Company, of Illinois, sold five stallions to E. E. Gilmore. In the transaction, E. E. Gilmore executed two promissory notes, which were indorsed by his brother, L. C. Gilmore. That on which the original action was brought reads as follows :

"$2,246.50. PAOLA, KAN., March 18, 1890.

"One year after date, for value received, we promise to pay to Hancock County Importing Company, or order, $2,246.50, payable at the National Bank of Paola, at Paola, with interest at the rate of 8 per cent. per annum until paid, interest when due to become principal, and draw 8 per cent. interest. If this note is not paid when due, we agree to pay all reasonable costs of collection, including attorney fees, and also consent that judgment may be entered for these amounts by any justice of the peace.

E. E. GILMORE."

[Indorsed] "Protest waived. L. C. GILMORE."

At the same time a separate instrument was executed, as follows :

"It is understood and agreed between E. E. Gilmore and the Hancock County Importing Company, that in consideration of the sale of five imported stallions to E. E. Gilmore by Hancock Importing Company, that the said E. E. Gilmore agrees to and will pay and apply 90 per cent. of the proceeds received from the sale of any of said horses on the notes given for the balance of the purchase-money for said horses ; said notes are for $2,246.50 and $2,000, due in one and two years from date.

"Dated this 18th day of March, A. D. 1890, at Paola, Kan. E. E. GILMORE.

S. TURNEY."

The note for $2,246.50 was indorsed by the Hancock

County Importing Company, and sold to J. A. Hirst and J. W. Sponable, on or about December 4, 1890, and, the same not being paid when due, an action was commenced thereon.

The defense particularly relied upon is that there was a breach of warranty of the soundness of the horse named Lyperian; that the promissory note is non-negotiable; and that, in any event, Hirst and Sponable had notice of the failure of consideration of the note before they purchased it. It is urged against the negotiability of the note that it exacts the payment of compound interest and costs of collection, including attorney's fees, and that it provides for entry of judgment thereon by any justice of the peace. This court held, in *Seaton v. Scovill*, 18 Kan. 433, 435, 436, that a note otherwise negotiable is not rendered non-negotiable by the addition of a stipulation to pay costs of collection, including reasonable attorney's fees, if suit should be instituted thereon; but the plaintiffs in error claim that a stipulation for attorney's fees is now forbidden by section 1, chapter 77, Laws of 1876 (Gen. Stat. 1889, ¶ 3896), and for that reason this case is distinguishable from *Seaton v. Scovill.* Said section, however, only renders nugatory and unenforceable a stipulation to pay attorney's fees, and does not vitiate the contract for the payment of money, and the courts regard such a provision as mere surplusage; and we think that the consent to the entry of judgment "by any justice of the peace" must also be so regarded, for the limit of the jurisdiction of justices' courts on contracts for the payment of money is $300, and jurisdiction could not be conferred by consent of parties for the entry of judgment on a note for $2,246.50. Neither do we think that the agreement to pay interest on interest at a certain rate

affects the negotiability of the instrument, nor renders uncertain the amount to be paid thereon. In *Parker v. Plymell*, 23 Kan. 402, 403, there was a promise to pay interest at 12 per cent. after maturity, concluding with an addition that, if the note was not paid at maturity, the same should bear interest at 12 per cent. from date; and it was held that this provision did not render the note non-negotiable; and in *Lyon v. Martin*, 31 Kan. 411, it was decided that the incorporation in a note of a waiver of all relief from appraisement, stay, exemption, and homestead laws does not destroy its negotiability. The case at bar is quite different from *Killam v. Schoeps*, 26 Kan. 310, 313, and *Iron Works v. Paddock*, 37 Kan. 510, where contracts respecting the title and possession of the property for which the notes were given, and other matters, were included in ,what would otherwise be negotiable promissory notes. These independent contracts, having no necessary reference to payment, were properly held to destroy the negotiability of the instruments; but these objections do not apply to the note sued on in this case. (See, also, 1 Daniel, Neg. Inst. §§ 61, 62.)

There is no evidence that the plaintiffs below had any knowledge of the existence of the contract of March 18, 1890, relating to the application of the proceeds of sales of the horses to the payment of the two promissory notes. Daniel says: "There may be a written stipulation on a detached paper affecting the instrument, which would be admissible as between the original parties and their representatives; but such stipulation would not affect a *bona fide* holder for value, who acquired it without notice." (1 Neg. Inst. § 79.)

It can scarcely be said that there is any evidence

that Hirst and Sponable, before the purchase of the note, had notice of any failure of the consideration for which it was given. The evidence was substantially all to the contrary; and the judgment of the court for the full amount of the note and interest thereon was correct, and must be affirmed.

All the Justices concurring.