KOBEY v. HOFFMAN et al.*

(Circuit Court of Appeals, Eighth Circuit. January 18, 1916.)

No. 4342.

1. BILLS AND NOTES ⊕—145—RIGHTS OF BONA FIDE HOLDERS—LAW GOVERNING.

Whether a note executed and made payable in Missouri was negotiable, so as not to be subject to the defense of a failure of consideration in the hands of a bona fide purchaser, was to be determined by the laws of Missouri, though suit thereon was brought in the District Court for the District of Kansas.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 362; Dec. Dig. ⊕—145.]

2. COURTS ⊕—366—UNITED STATES COURTS—STATE LAWS AS RULES OF DECISION.

As to contracts executed before the construction of a state statute by its court of last resort, the courts of the United States are not conclusively governed by the construction thereafter placed upon it by the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. ⊕—366.]

3. BILLS AND NOTES ⊕—166—BONA FIDE HOLDERS—DEFENSES AVAILABLE.

There being no controlling construction of the Missouri law by the court of last resort of that state, a note executed and made payable in Missouri was not rendered nonnegotiable, so as to be subject to the defense of failure of consideration in the hands of a bona fide holder, by a provision therein accelerating its maturity if collateral security for its payment depreciated in value and additional collateral was not furnished.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 418, 421; Dec. Dig. ⊕—166.]

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied March 24, 1916.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by Harris Kobey against Anna W. Hoffman and another. Judgment for defendants, and plaintiff brings error. Reversed, with instructions.

E. H. Gamble, of Kansas City, Mo., for plaintiff in error.

William B. Sutton, Jr., of Kansas City, Kan. (William B. Sutton, of Kansas City, Kan., on the brief), for defendants in error.

Before ADAMS and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. This was an action instituted by the plaintiff, who is now the plaintiff in error, against the defendants, the administratrix and administrator of the estate of C. B. Hoffman, deceased, to recover on a promissory note executed by their intestate, and purchased by the plaintiff in good faith, before maturity, and for a valuable consideration. The following is a copy of the said note, with all indorsements thereon:

"$4,500.00. No. ....... Kansas City, Mo., Sept. 18th, 1907.

"Due ...... Six months after date, for value received, I promise to pay to the order of Merchants' Refrigerating Company, Kansas City, Mo., forty-five hundred and no/100 dollars at the office of the Merchants' Refrigerating Company, Kansas City, Mo., with interest from maturity until paid, at the rate of 6 per cent per annum. To secure the payment of this note and of any and all other indebtedness which I now owe to the holder hereof, or may owe him at any time before the payment of this note, I have hereto attached, as collateral security, the following: Stock certificate No. 137 of the capital stock of the Merchants' Refrigerating Company, calling for 50 shares of stock, par value $5,000.00. C. B. Hoffman."

On the left side of the signature the following appears:

"The above collateral has a market value of $6,250.00. If, in the judgment of the holder of this note said collateral depreciates in value, the undersigned agrees to deliver when demanded additional security to the satisfaction of said holder; otherwise, this note shall mature at once. Any assignment or transfer of this note, or other obligations herein provided for, shall carry with it the said collateral securities and all rights under this agreement.

"And I hereby authorize the holder hereof, on default of payment of this note or any part thereof, according to the terms hereof, to sell said collateral or any part thereof, at public or private sale and with or without notice, and by such sale the pledgor's right of redemption shall be extinguished."

On the back the following indorsements appear:

"Demand, notice, and protest waived. Merchants' Refrigerating Co., per J. E. Brady, President. J. E. Brady."

There were several defenses set up, but as the case was decided by the court and appealed on the demurrer to the first paragraph of the answer, it is only necessary to state the allegations in that paragraph. The defendants in that paragraph pleaded that the note was obtained from their intestate, by the payee, the Refrigerating Company, without any consideration, and upon fraudulent representations of the value of some stock in the Refrigerating Company, which, at the time, was of no value whatever, and was so known to the payee.

A demurrer to this paragraph of the answer was by the court overruled, upon the ground that the instrument sued on was not a negotiable instrument under the Uniform Negotiable Instrument Law, which was in force in the state of Kansas (Gen. St. 1909, §§ 5247–5446), where the suit was instituted, and the state of Missouri (Rev. St. 1909, §§ 9971–10176), where the note was executed and made payable.

The plaintiff declining to plead further, but resting upon the demurrer, judgment was entered for the defendants, and this writ of error was prosecuted to reverse this judgment. Therefore the only question involved now is whether under the Negotiable Instrument Law this note was negotiable, so as not to be subject to the defense of a failure of consideration, when in the hands of a bona fide purchaser, for value, before maturity.

[1] The note was executed and made payable in the state of Missouri, and, although this suit was instituted in the United States District Court for the District of Kansas, must be governed by the laws of the state of Missouri, where it was executed and made payable. Butler v. Goreley, 146 U. S. 313, 13 Sup. Ct. 84, 36 L. Ed. 981; Guernsey v. Imperial Bank, 188 Fed. 300, 110 C. C. A. 278, 40 L. R. A. (N. S.) 377; Ringer v. Virgin Timber Co. (D. C.) 213 Fed. 1001.

In an action on the same note against these defendants, prosecuted in a state court in the state of Kansas, the Supreme Court of that state held that the note was not negotiable under the Negotiable Instrument Law of that state, which was merely a re-enactment of the law merchant, and reversed the judgment of the trial court, which had held that it was negotiable under the statutes of Kansas and the law merchant. Bank v. Hoffman, 85 Kan. 71, 116 Pac. 239, 35 L. R. A. (N. S.) 390, Ann. Cas. 1912D, 1. When the remittitur reached the state trial court, the action was dismissed by the plaintiff, and this action commenced in the District Court of the United States.

The decision of the Supreme Court of Kansas, while entitled to the highest respect, is not conclusive on this court for several reasons. The note was a Missouri contract, having been executed and made payable in that state, and must therefore be controlled by the laws of the state of Missouri.

[2] Second. The Uniform Negotiable Instrument statute of the state of Kansas had not been construed by the Supreme Court of that state when this note was executed, nor, in fact, when the action on this note in the state court was instituted, and it is well settled that as to contracts executed before the construction of a state statute, by its court of last resort, the courts of the United States are not conclusively governed by the construction made thereafter. The leading cases on that subject are Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359; Great Southern Hotel Co. v. Jones, 193 U. S. 532, 24 Sup. Ct. 576, 48 L. Ed. 778, which have been followed ever since. Before the enactment of the Negotiable Instrument Law in the state of Kansas the Supreme Court of that state had held that such a note was negotiable under the law merchant. Clark v. Skeen, 61 Kan. 526, 60 Pac. 327, 49 L. R. A. 190, 78 Am. St. Rep. 337.

[3] The Missouri Negotiable Instrument Law has never been con-

strued by the court of last resort of that state. We must therefore determine for ourselves how this statute should be construed. As the Negotiable Instrument Law, on that point, is practically a reaffirmance of the law merchant, the decisions of the Supreme Court of the United States control this court, until the highest court of the state—in this case that of Missouri—construes it, and then it will only be authoritative on the courts of the United States as to notes and bills executed thereafter. The learned trial judge was governed by the decision of the Supreme Court of Kansas, in Bank v. Hoffman, supra, and the decision of this court in Lincoln National Bank v. Perry, 66 Fed. 887, 14 C. C. A. 273.

Ordinarily we would unhesitatingly follow former decisions of this court, unless in conflict with the decisions of the Supreme Court of the United States. In Chicago Railway Equipment Co. v. Merchants' National Bank, 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349, it was expressly held that a promissory note containing an acceleration of maturity clause, such as the note in the instant case contains, does not destroy its negotiability under the law merchant. This case was evidently overlooked by the court in the Perry Case, as no reference is made to it in the opinion. In Kennedy v. Broderick, 216 Fed. 137, 132 C. C. A. 381, L. R. A. 1915B, 472, the United States Circuit Court of Appeals for the Seventh Circuit held that a note, identical with the one now in controversy, is under the Negotiable Instrument Law of Missouri and the general commercial law a negotiable instrument, free from such defenses as are set up in this case, if in the hands of a bona fide holder, acquired for value and before maturity.

For the error in overruling the demurrer to this paragraph of the answer the cause must be reversed, with instructions to set aside the judgment in favor of the defendants and sustain the demurrer.

Reversed.