## Hanratty *v.* Dougherty, Appellant.

*Negotiable instruments—Promissory notes—Actions.*
The holder of a promissory note is not compelled to bring suit thereon in his own name. He may sue in the name of the payee to his own use.

*Practice, C. P.—Trial—Charge—Language of points.*
The trial judge is not bound to adopt the language of the points but may choose his own form of expression and if the subject is fully and correctly covered in the charge, there is no error.

Argued Nov. 20, 1918.   Appeal, No. 106, Oct. Term, 1918, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1915, No. 3268, on verdict for plaintiff in issue framed with Michael Hanratty as plaintiff and Cornelius Dougherty as defendant. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Interpleader awarded on petition and answer to determine ownership of fund paid into court.    Before MONAGHAN, J.

From the record it appeared that Cornelius Dougherty, defendant in the issue framed, brought suit in C. P. Philadelphia County, June Term, 1913, No. 410, under the caption "Cornelius Dougherty to the use of Michael Hanratty v. John Gardiner, Edward C. Schmidt et al., etc." Demurrer to the statement having been sustained another suit was likewise instituted in C. P. Philadelphia County, No. 5, as of June T., 1913, No. 3899. The cases were finally amicably settled, the defendants agree-

ing to pay $1,250 and a verdict thereon was entered for the defendants.

A dispute then arose between Dougherty, the defend-ant in the issue framed, and Hanratty, the plaintiff, as to who was entitled to receive the money. On Nov. 4, 1915, Hanratty the plaintiff brought suit against the original defendants for the amount agreed to be paid in settle-ment of the suit upon the notes. The defendants, after filing an affidavit of defense, filed a petition in which they prayed for leave to pay the money into the court and for an interpleader to be framed between the plain-tiff Michael Hanratty and Cornelius Dougherty, to de-termine the ownership of the fund. The prayer was granted, and the present issue framed, with Michael Hanratty as plaintiff and Cornelius Dougherty as de-fendant.

At the trial the jury rendered a verdict for plaintiff in the sum of $1,449.26. Plaintiff having remitted amount in excess of $1,402.29 judgment was entered for plaintiff. Defendant appealed.

The defendant presented the following points which were refused and not read:

"1. Under all the evidence in this case, your verdict must be in favor of the defendant, Dougherty.

"2. Under the law, a suit, when brought by an as-signee of a negotiable instrument, could and ought to be brought in the name of the assignee himself and not in the name of the original payee to the use of the assignee, as was done in this case.

"3. Even when the assignment of the notes takes place after their maturity, that is, after the notes have become due, under the law, the suit thereon by the assignee may and ought to be brought in the name of the assignee him-self and not in the name of the original payee to the use of the assignee, as was done in this case.

"4. If you find that the seven (7) promissory notes in this suit were not actually assigned by Dougherty to Hanratty, then your verdict must be in favor of Dough-

erty, even if Dougherty did promise Hanratty that he would pay him over the money when collected on those notes and even if he had actually instructed his lawyers to that effect.

"5. I instruct you that, under the law, anything short of an actual assignment of those notes to Hanratty would not entitle Hanratty to a verdict from you and your verdict would have to be for Dougherty."

The appellant's statement of questions involved was as follows:

1. Where notes are turned over to an attorney with instructions to bring suit thereon and to pay the money collected to a creditor, may this be revoked prior to the actual collection of the money?

2. Where the question involved is where negotiable promissory notes had been assigned and transferred by the payee to the use-plaintiff, may the trial judge, when requested to do so, refuse to state to the jury that, under the law, a suit by an assignee or transferee of a negotiable instrument may be, and generally is, brought in the name of the latter and not in the name of the payee to the latter's use?

3. Where the judge's charge tends to withdraw the attention of the jury from the question of the assignment of the notes and to lead them to believe that the question involved is whether defendant was indebted to plaintiff and the extent of his indebtedness, will be a verdict for the plaintiff be sustained?

4. Can a man be held liable for luxuries and extravagances supplied to his wife, on the theory that they were necessaries, in the absence of proof of his high financial and social status?

*Errors assigned* were the charge of the court (1-4), answers to points (7-11), and for refusal of defendant's motion n. o. v.

*B. D. Oliensis,* for appellant.—The defendant was entitled to a clear and distinct ruling on the points sub-

mitted: Thomas v. Butler, 24 Pa. Superior Ct. 305; Fisher v. Railroad Co., 227 Pa. 635; Volk v. Beatty, 40 Pa. Superior Ct. 628; Berry v. Railway, 55 Pa. Superior Ct. 289.

The charge of the court was misleading: Ott v. Oyer's Executors, 106 Pa. 6; Shaver v. McCarthy, 110 Pa. 339; Hodder v. Rapid Transit Co., 217 Pa. 110; Flemming v. Ins. Co., 4 Wharton 58.

*W. T. McManus,* for appellee, submitted no paper-book.

OPINION BY TREXLER, J., March 3, 1919:

We will consider the several questions involved as they appear in appellant's argument.

1. The court refused two points submitted by the defendant which were to the effect that under the law where suit is brought by the assignee of a negotiable instrument assigned before maturity, the suit may and ought to be brought in the name of the assignee himself and not in the name of the original payee to the use, etc. The court could not affirm these points. It would not have been a correct statement of the law. Suit in the payee's name to the use of the assignee is proper. The assignee may bring suit in his own name. He is not compelled to do so.

2. The fourth and fifth points submitted were to the effect that unless there was an actual assignment of the notes on which the suit was brought there could be no recovery even if there had been an agreement that the proceeds of the note should go to pay the debt of the plaintiff and instructions had been given to that effect to the attorney having the notes in charge. The refusal of these points did not constitute reversible error for the court repeatedly stated in his charge that if there was no assignment of the notes to the plaintiff the verdict should be for the defendant. The trial judge was not bound to adopt the language of the points but could choose his

own form of expression and as the subject was fully and correctly covered in the charge there was no error. As was said in Hufnagle v. Delaware & Hudson Company, 227 Pa. 476, this was all that defendant was entitled to ask.

3. The assignments directed to the charge of the court are overruled as there was no exception taken to the charge of the court by the defendant.

4. The verdict given seems to have been a little larger than the amount in controversy but this has been corrected by a remission of part of the verdict by the plaintiff at the direction of the court.

We have considered all the assignments properly supported by exceptions and find no merit in them.

Judgment affirmed.