BEN LESSEN, Appellant, *v.* G. WALTER LINDSEY, Respondent.

Fourth Department, May 10, 1933.

*Irving H. Lessen,* for the appellant.

*Daniel Scanlon,* for the respondent.

TAYLOR, J. In this action brought to recover upon promissory notes the appeal is from a judgment of nonsuit rendered upon the sole ground that the notes were non-negotiable. With the exception of the amount payable and the dates of execution and payment, the notes all read as follows:

" No. 2 $625.00                    MIAMI, FLORIDA, *August* 4, 1925.

" On or before Twelve (12) months after date, for value received, I promise to pay to the order of Shoreland Company Six Hundred Twenty-five and no/100 .............Dollars at its office in Miami, Florida, with interest thereon at the rate of eight per cent per annum from date until fully paid. Interest payable semi-annually. The maker and endorser of. this note further agree to waive demand, notice of non-payment and protest; and in case suit

shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection. Deferred payments to bear interest from maturity at ten per cent per annum semi-annually.

" Due August 4, 1926.

" G. WALTER LINDSEY    [L. S.] "

It will be observed that the notes bear interest " at the rate of eight per cent per annum from date until fully paid " and that they further provide that " deferred payments to bear interest from maturity at ten per cent per annum semi-annually." The learned trial justice placed reliance upon the opinion in *First National Bank of Miami* v. *Bosler* (297 Penn. St. 353), which dealt with notes like those here under consideration. It was reasoned in that case that the notes carried eight per cent interest on the principal sum secured up to the time when the principal or any part thereof was paid, whether at or after maturity, that " deferred payments " bearing ten per cent interest referred to payments of principal as well as interest and that thereby uncertainty of amount to be paid resulted. We disagree with this reasoning. The applicability of the provision as to payment of eight per cent interest on principal seems clear. It covers all principal unpaid and as long as it is unpaid, whether at or after the maturity date of the notes. The " deferred payments " refer only to payments of interest accrued and unpaid at and at any time after the maturity date of the notes. Thus construed the notes present no ambiguity or inconsistency and such a construction, if reasonably attainable, should be adopted. Plaintiff is not a holder in due course and, therefore, is subject to all original defenses. (Neg. Inst. Law, § 97.) However, plaintiff is the owner and holder for value of the notes (Neg. Inst. Law, § 53), and, therefore, has a right to sue on them (Id. § 90). The notes ran to the order of the payee and were payable on a specified date. They did not lose their standing as negotiable instruments simply by the arrival of their maturity dates (Neg. Inst. Law, § 77; *Leavitt* v. *Putnam*, 3 N. Y. 494.) Everything considered, the granting of the nonsuit was erroneous.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.