## BURNS MORTGAGE CO. *v.* FRIED.

No. 786. Argued May 3, 1934.—Decided May 28, 1934.

*Mr. Sigmund H. Steinberg,* with whom *Mr. John P. Stokes* was on the brief, for petitioner.

*Mr. John C. Noonan,* with whom *Messrs. H. P. McFadden, Albert S. Lisenby,* and *Albert L. Moïse* were on the brief, for respondent.

490

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This writ brings here for review a judgment entered by the District Court for eastern Pennsylvania in an action on six instruments, each promising the payment of $1000, all of even date and like tenor. They were executed and delivered by the respondent at Miami, Florida, and were there payable to Golden Isles Corporation at intervals of six months, the first falling due six months from August 28, 1925, and the last, three years from that date. Prior to maturity the payee endorsed and delivered them to one Williamson, who, after refusal of payment at maturity, transferred them by delivery to the petitioner. In response to the petitioner's statement of claim the respondent filed an affidavit of defense in the nature of a statutory demurrer, asserting that as the writings did not embody a promise to pay a sum certain they were not negotiable notes.

The District Judge followed the decisions of the Pennsylvania courts to the effect that the holder of negotiable paper, whether he obtained title before or after dishonor, may sue in his own name,[1] but a holder must sue as use-plaintiff in the name of the obligee if the instrument is not

[1] *Rankin* v. *Woodworth*, 2 Watts (Pa.) 134; *Hanratty* v. *Dougherty*, 71 Pa. Super. Ct. 248.

negotiable.[2] Concluding that the notes were not negotiable and consequently the petitioner could sue only in the name of Golden Isles Corporation, he sustained the affidavit of defense, and, as the petitioner refused to amend, entered judgment for the respondent. The Court of Appeals affirmed.[3]

The provisions held to create the uncertainty which deprived the notes of negotiability, were: " with interest thereon [the principal sum] at the rate of 7 per cent per annum from date until fully paid. Interest payable semiannually. . . . Deferred interest payments to bear interest from maturity at ten per cent per annum, payable semi-annually."

The petitioner urged that as Florida had adopted the Uniform Negotiable Instruments Law the federal courts were bound to decide the issue according to that statute as interpreted by the Florida court of last resort; the respondent insisted as the action was in the District Court sitting in Pennsylvania, which had also adopted the Uniform Act, the statute as interpreted by the courts of that state must be applied. The Circuit Court of Appeals held that it need not adopt the construction of the Act by the courts of either state, but should decide the case upon the general principles of the law merchant. From these it concluded the quoted provisions rendered the instruments uncertain as to the amount payable and therefore non-negotiable.

■ The conformity act[4] required the trial court to apply the local law in matters of procedure. The form of action and the right in which it must be brought were therefore governed by the Pennsylvania practice. But the procedural question turned on another of substance, namely, whether the instruments were negotiable.

---

[2] *Fahnestock* v. *Schoyer*, 9 Watts (Pa.) 102; *Reynolds* v. *Richards*, 14 Pa. 205.

[3] 67 F. (2d) 352.

[4] U.S.C. Tit. 28, § 724.

■ The negotiable quality of the notes is to be ascertained by reference to the law of Florida.[5] The Uniform Negotiable Instruments Law adopted in that State provides [6] (§ 1) that,

"An instrument to be negotiable must conform to the following requirements:

.           .           .           .           .

"2. Must contain an unconditional promise or order to pay a sum certain in money."

And by § 2 it is declared:

" The sum payable is a sum certain within the meaning of this Act, although it is to be paid: (1) With interest; or (2) By stated installments; or (3) By stated installments, with a provision that upon the default in payment of any installment or of interest, the whole shall become due; . . ."

Section 34 of the Judiciary Act of 1789 directs that the laws of the several states, except where the Constitution, treaties or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States, in cases where they apply.[7] The applicable state statute furnishes the rule of decision for a federal court sitting in the state [8] or outside its borders.[9] And in that court the law

---

[5] Ogden, Negotiable Instruments, (3d ed.) 374; *Tilden* v. *Blair,* 21 Wall. 241; *Kobey* v. *Hoffman,* 229 Fed. 486.

[6] Florida Compiled General Laws, §§ 6761, 6762.

[7] Act of September 24, 1789, c. 20, § 34; R.S. § 721; U.S.C. Tit. 28, § 725.

[8] *Bank of the United States* v. *Tyler,* 4 Pet. 366; *Bank of the United States* v. *Daniels,* 12 Pet. 32; *Paine* v. *Central Vermont R. Co.,* 118 U.S. 152, 160; *Moses* v. *Lawrence County Bank,* 149 U.S. 298; *Sowell* v. *Federal Reserve Bank,* 268 U.S. 449, 456; *Crittenden* v. *Widrevitz,* 272 Fed. 871; *Mack* v. *Dailey,* 3 F. (2d) 534, 538; *Queensboro Nat. Bank* v. *Kelly,* 48 F. (2d) 574.

[9] *Junction R. Co.* v. *Bank of Ashland,* 12 Wall. 226; *Flash* v. *Conn,* 109 U.S. 371, 378; *Prentice* v. *Zane,* 19 Fed. Cas. 1270; *Phipps* v.

must be given the meaning and effect attributed to it by the highest court of the state, as if the state court's decision were literally incorporated into the enactment, whatever the federal tribunal's opinion as to the correctness of the state court's views.[10] The petitioner says the Supreme Court of Florida has construed the pertinent sections of the Negotiable Instruments Law as declaring writings of the tenor of those in suit to be negotiable, and the courts below were, therefore, bound so to rule. The Circuit Court of Appeals, however, held that the construction by a state court of last resort of a state statute which is merely declaratory of the common law or law merchant does not bind federal courts. It ascribed that character to the Uniform Act and refused to consider as conclusive the Florida decision upon which the petitioner relied. The court referred to several opinions which sustain this position.[11] It recognized that the opposing view also finds support in other decisions of the federal courts.[12] Because of this contrariety of opinion we granted the writ of certiorari.

---

*Harding,* 70 Fed. 468; *United Divers Supply Co.* v. *Commercial Credit Co.,* 289 Fed. 316; *Gutelius* v. *Stanbon,* 39 F. (2d) 621.

[10] *Knights of Pythias* v. *Meyer,* 265 U.S. 30, 32; *Jones* v. *Prairie Oil & Gas Co.,* 273 U.S. 195, 199–200; *Gregg Dyeing Co.* v. *Query,* 286 U.S. 472, 480.

[11] *Mutual Life Ins. Co.* v. *Lane,* 151 Fed. 276; *Capital City State Bank* v. *Swift,* 290 Fed. 505, 509; *Peterson* v. *Metropolitan Life Ins. Co.,* 19 F. (2d) 74; *Jockmus* v. *Claussen & Knight,* 47 F. (2d) 766. In addition to the cases cited by the Circuit Court the following express like views: *Byrne* v. *Kansas City, Ft. S. & M. R. Co.,* 61 Fed. 605, 614; *Babbitt* v. *Read,* 236 Fed. 42, 49; *Manufacturers' Finance Corp.* v. *Vye-Neill Co.,* 62 F. (2d) 625, 628. Compare *American Mfg. Co.* v. *U. S. Shipping Board,* 7 F. (2d) 565, 566.

[12] The court cited *Savings Bank of Richmond* v. *National Bank of Goldsboro,* 3 F. (2d) 970 and *Niagara Fire Ins. Co.* v. *Raleigh Hardware Co.,* 62 F. (2d) 705. There are other cases in which the federal courts have held they must follow the state court's construction of

We think the better view is that there is no valid distinction in this respect between an act which alters the common law and one which codifies or declares it. Both are within the letter of § 34 of the Judiciary Act (*supra*). And a declaratory act is no less an expression of the legislative will because the rule it prescribes is the same as that announced in prior decisions of the courts of the state. Nor is there a difference in this respect between a statute prescribing rules of commercial law and one concerned with some other subject of narrower scope. The contention of the respondent that this court announced a contrary view in *Swift* v. *Tyson*, 16 Pet. 1, is not sustained by a careful reading of the opinion in that case.[13] We are referred to certain expressions found in *Watson* v. *Tarpley*, 18 How. 517, at page 521. What was there said on the subject was unnecessary to the decision, and has not been followed in later cases. The Florida Negotiable Instruments Law, as construed by the Supreme Court of the State, furnishes the rule of decision by which the negotiable character of the notes is to be determined.

■ The petitioner asserts that in *Taylor* v. *American National Bank of Pensacola*, 63 Fla. 631; 57 So. 678, the supreme court of that State construed the statute so as to make negotiable an instrument of the tenor of those in suit. The note involved in that case was payable two years after date with interest from date at the rate of eight per cent. per annum, interest payable quarter-annually, and was held to be negotiable, § 2 of the Uniform Act being quoted. The decision is a clear authority that under the Act the provision for periodical payment of

the Uniform Negotiable Instruments Law. See: *Kobey* v. *Hoffman*, 229 Fed. 486, 488; *Crittenden* v. *Widrevitz*, 272 Fed. 871; *Mack* v. *Dailey*, 3 F. (2d) 534, 538; *Gutelius* v. *Stanbon*, 39 F. (2d) 621; *Queensboro National Bank* v. *Kelly*, 48 F. (2d) 574. Compare *Bank of United States* v. *Cuthbertson*, 67 F. (2d) 182, 186.

[13] The language relied on is found at p. 18.

interest before the due date of the principal does not destroy negotiability. As the note did not provide for interest on deferred interest payments, either at the same or a different rate from that named as payable upon principal, the effect of such a stipulation was not decided. Upon this matter, therefore, the case cannot be said to be an authority by which the Circuit Court of Appeals was bound.

■ The absence of a decision by the Supreme Court of the State did not relieve the courts below from applying the Florida statute. Lacking such authoritative construction, their duty was to determine the question according to the accepted canons and in the light of the decisions of the courts of other states with respect to the same sections of the Negotiable Instruments Law.[14]

If, as is admitted, the court of last resort of the state holds that provision for payment of interest in instalments prior to maturity of principal does not render the sum payable so uncertain as to destroy negotiability, we think an added stipulation that overdue interest shall bear interest at a named rate until paid would not call for a different decision. Courts which have had occasion to consider the effect of the Act upon instruments of like tenor, have uniformly pronounced them negotiable.[15] And cases decided prior to the adoption of the Act are to the same effect.[16] No contrary decision has been brought

---

[14] *Wabash Valley Electric Co.* v. *Young*, 287 U.S. 488, 496; *Farmers' National Bank* v. *Sutton Mfg. Co.*, 52 Fed. 191, 196; *Kobey* v. *Hoffman*, 229 Fed. 486, 488; *United Divers Supply Co.* v. *Commercial Credit Co.*, 289 Fed. 316, 319; *Gutelius* v. *Stanbon*, 39 F. (2d) 621.

[15] *Lister* v. *Donlan*, 85 Mont. 571; 281 Pac. 348; *National Bank* v. *Jefferson*, 51 S.Dak. 477; 215 Pac. 533; *Barker* v. *Sartori*, 66 Wash. 260; 119 Pac. 611.

[16] *Gilmore* v. *Hirst*, 56 Kan. 626; 44 Pac. 603; *Brown* v. *Vossen*, 112 Mo. App. 676; 87 S.W. 577.

to our notice. Until the Supreme Court of Florida holds otherwise, we are justified in construing the Act in accordance with what we think its intent, especially as this construction accords with the views of the courts of other states.

■ The respondent urges that the notes are so ambiguous with respect to the rate of interest that they do not call for the payment of a sum certain, and must therefore be held not to be negotiable. *First National Bank of Miami* v. *Bosler,* 297 Pa. 353, is cited as sustaining this position. The note there under consideration stipulated for eight per cent. per annum upon the principal, " from date until fully paid. Interest payable semi-annually. . . . *Deferred payments* are to bear interest from maturity at ten per cent per annum semi-annually." The decision against negotiability rested upon the proposition that the two interest provisions were so inconsistent that one reading the note could not ascertain at which rate interest was payable on overdue principal. The decision has been criticized, *Lessen* v. *Lindsey,* 238 App. Div. (N.Y.) 262; 264 N.Y.S. 391, on the ground that ambiguity alone does not destroy negotiability, but requires merely a construction of the instrument and a determination of which of two inconsistent clauses shall control. But, be this as it may, the notes in the present case are, we think, free from ambiguity. They provide for interest on the principal sum at the rate of seven per cent. per annum from date until fully paid, for interest payable semi-annually, and add that deferred *interest* payments shall bear interest from maturity at ten per cent. per annum, payable semi-annually. While, therefore, the principal is to bear interest at seven per cent, overdue interest is to be paid with interest at ten per cent. The word " maturity " seems obviously to refer to the due dates of interest and not to the date for payment of principal.

498

The judgment must be reversed and the cause remanded to the District Court for further proceedings in conformity with this opinion.

*Reversed.*