## AMERICAN NAT. BANK & TRUST CO. v. UNITED STATES FIDELITY & GUARANTY CO.

District Court, S. D. Alabama.
July 3, 1934.

Harry T. Smith & Caffey, of Mobile, Ala., for plaintiff.

Smith & Johnston, of Mobile, Ala., for defendant.

ERVIN, District Judge.

This is an action at law on an indemnity bond given the bank to insure it against "any loss through any dishonest or criminal act of any of the employees," and counts on breach of such bond.

Defendant pleads the following provision of the bond: "The insured shall give to the underwriter written notice of any loss thereunder, as soon as possible after the insured shall learn of such loss and within ninety days after learning of such loss shall file with the underwriter an itemized proof of claim duly sworn to," and sets up the failure to give such notice and file such proof of claim.

The bond is made a part of the complaint and it contains no provision of forfeiture in the event of the failure to give such notice and file such claim.

The suit was begun in the state court and removed by the defendant to this court on ground of diversity of citizenship. The plea is demurred to among others, on the ground that this provision does not forfeit the right of action on the bond in the absence of a clause providing for such forfeiture.

The Supreme Court of Alabama has so ruled in Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 122, 134 So. 881; Home Ins. Co. of New York v. Murphy, 223 Ala. 566, 137 So. 393; National Surety Co. v. Julian, 227 Ala. 472, 479, 150 So. 474; Taber v. Royal Ins. Co. et al., 124 Ala. 681, 26 So. 252.

That rule is clearly established in Alabama.

Many federal courts, on the contrary, hold that such provision in the bond is a condition precedent, and, if not complied with, defeats the action. Guarantee Co. v. Mechanics' Savings Bank, 183 U. S. 402, 22 S. Ct. 124, 46 L. Ed. 253; Phelan v. New Amsterdam Cas. Co. (D. C.) 5 F. Supp. 810; National City Bank of New York v. National Security Co. (C. C. A.) 58 F.(2d) 7; U. S. Fidelity & Guaranty Co. v. Commercial National Bank (C. C. A.) 62 F.(2d) 718.

The question is, under the facts of this case, Which rule is this court to follow?

It is urged that the construction of the terms of the bond is one of general commercial law.

It is conceded that on questions of general commercial law the federal courts are not ordinarily bound by state decisions but follow their own rule. Washburn & Moen Mfg. Co. v. Reliance Ins. Co., 179 U. S. 1, 21 S. Ct. 1, 45 L. Ed. 49.

The question here, however, is not as to the rule, but as to its application to the facts of this case.

In Tullock v. Mulvane, 184 U. S. 497, 22 S. Ct. 372, 375, 46 L. Ed. 657, it was said: "It is clear that if it be true that the bond given in a federal court of equity on the granting of an injunction is not to be construed with reference to the rules of law applicable to such bonds in such court, then there can be no certain general rule by which to determine the liability of the obligors upon the bond. Their responsibility would be one thing in a court of the United States and a different thing in the courts of the various states, which would imply *that the parties did not contract with reference to any definite rule of liability.*" (Italics mine.)

If a bond given in a court proceeding is to be construed everywhere as it would be in the court where it was given because such bond must be certain as to its construction on the question of a definite rule of liability, then it seems to me that a bond given in a state to guarantee certain things required by the laws of that state should also, for the same reason, be construed everywhere as the state courts construe it.

It is a state contract made in the state and intended to be performed there. Therefore, the same reasons would apply, viz., that the parties contracted with reference to the rule of liability imposed by the state law.

Is the law of a state of less importance than the law of the court?

Is there any less reason for the requirement of definiteness of liability in a contract where made in a state than where made in a court?

Certainly if a bond made in the federal court is to be construed by the law and rules of such court even though they differ from those of the state in which the trial court sits, then surely a bond made in a state is a state contract, and for the same reason should everywhere be construed by the state law, for that is the law they contracted to be bound by.

The reason of the rule laid down by the Tullock Case is because the meaning of the bond and its intent and construction should be the same everywhere.

If a party makes a contract in a state, to be executed therein, containing terms which have been defined by the highest court of such state, this definition is held to be as if written into his contract, so these parties do contract with reference to a definite rule of liability.

Why then should not such a contract be so construed in all courts?

In Fidelity Co. v. Bucki Co., 189 U. S. 137, 23 S. Ct. 582, 583, 47 L. Ed. 744, the question arose on an action begun in the state court of Florida and removed to the federal court, and was on an attachment bond, and the question was whether the recovery could include an attorney's fee. The District Court to which the case was removed held that such fee could not be recovered in the suit. This ruling was reversed by the Court of Appeals (109 F. 393), and, on appeal from that ruling, the Supreme Court affirmed the ruling of the Court of Appeals, and said:

"The promise in the bonds sued on here is like that referred to in the language just quoted, and was 'to pay all costs and damages which the said L. Bucki Lumber Company may sustain in consequence of it, the said Atlantic Company's improperly suing out said attachment. Liability for these counsel fees, being, as declared by its highest court, a part of the obligation assumed by the obligor in an attachment bond given in the courts of Florida, should be enforced in every court in which an action on such a bond is brought. This action was commenced in a circuit court of the state, and, if it had proceeded there to judgment, unquestionably a liability for counsel fees would have been sustained; *and it cannot be that by removing the case to the Federal court such liability has been taken away.* In Tullock v. Mulvane, 184 U. S. 497, 505, 22 S. Ct. 372, 375, 46 L. Ed. 657, we held that when a bond had been given in a case pending in the Federal court, and an action was thereafter brought in the state court on such bond, the rule of liability was that existing in the Federal court in which the bond was given." (Italics mine.)

Here the Supreme Court not only holds the contract to be a Florida one, and follows the construction by the Supreme Court of that state, but adds an additional reason not heretofore given, namely, that the action was begun in the state court where if it had been tried the plaintiff would have the right to recover the attorney's fees, such right could not be defeated by removing the case to the federal court. It is urged that under the ruling of Washburn & Moen v. Reliance Ins. Co., 179 U. S. 1, 21 S. Ct. 1, 45 L. Ed. 49, and Carpenter v. Providence Ins. Co., 16 Pet. 495, 10 L. Ed. 1044, and others, that the Supreme Court has held that the federal courts will apply the rule that on matters of general law it is not bound to follow the state court by

reason of the contract being a state one and being brought originally in the state court. Here the two rulings are apparently in direct conflict.

However, when we see that the proposition asserted in Fidelity Co. v. Bucki Co., that a right possessed in the state court could not be defeated by removal into the federal court was not considered in the other cases, the apparent conflict is resolved.

Section 725, tit. 28 USCA, Rev. St. § 721, reads as follows:

"The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

This statute has many times been referred to and construed.

Its purpose is clear to impose on the federal courts sitting in a state the duty to follow in common-law trials the rules of decision laid down by the highest state courts, as to the law of such state, except in certain instances.

These excepted instances are clearly laid down in the statute itself, and, having been so specified, what right have the courts to add or enlarge them?

The exceptions enumerated are manifestly to preserve the dominance of the Federal Constitution, treaties, and statutes on all subjects they respectively cover.

The reason for the statute is manifest, viz., to avoid an unseemly conflict between the state and federal courts and to enforce a singleness in the rulings by requiring the federal courts to follow the state courts in state matters while preserving its own superiority in national matters.

I am aware that the federal courts seem to have engrafted an additional exception not found in either the terms or meaning of the statute, viz., that in matters of general jurisprudence and commercial law, the federal courts are not bound by the state decisions.

By so doing, they have created the very confusion and uncertainty that the statute was intended to eliminate.

The statute makes no exception of general jurisprudence and commercial law. It would seem that these are the very things it enjoins the federal courts to follow the state laws on. They certainly are not covered by the Federal Constitution, treaties, or statutes.

I frankly concede that when the state has not laid down a definite **rule of law**

on these or any other matters arising in a federal court, that such court must decide what it conceives to be the law, but where such law has been laid down either by statute or decision of its highest court, then the federal court should follow it, because the statute specifically directs it to do so, or should hold the statute void.

Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865, is the leading case in support of the proposition that it is only the statutory law and long established local customs having the force of law that the federal courts are required to follow, and they should enforce their own rules in matters of general commercial law.

That was a case of a bill of exchange drawn in Maine and accepted in New York payable six months after date, and indorsed by drawer after acceptance and before maturity in payment of a previous note given by drawer.

The question did not arise on the bill itself, or its construction, but on whether the previous debt owing by drawer to the indorsee was such a valuable consideration, as to shut off a defense by the acceptor that the consideration for the acceptance had failed.

It involved no question as to the liability of the acceptor, or of the construction of the bill of exchange.

It arose only on the question of an independent defense.

Here the question arises on the construction of the terms used in an Alabama contract, so certainly the decisions of the Supreme Court of this state must be looked to in order to determine the meaning of the terms there written.

The later cases have extended the construction in Swift v. Tyson to include decisions of the highest court as well as statutory laws.

In the instant case we have a definite construction by the decisions of the state Supreme Court, of the terms used in the bond, before its execution so there can be no doubt of its construction in the state court where the action was brought.

In this court in the face of such construction by the state court and of the commands of the statute, to look to the general commercial law as laid down by some federal courts so as to give these terms contained in the bond such a contrary meaning as to defeat the right of action by the plaintiff, would be unwarranted.

Is it accepting the state law as a rule of decision to not only remove the trial from the state court but on the trial of the cause to substitute another rule of construction of the bond so that the right of action that existed in the state court shall be defeated?

It is the laws of the several states that constitute the rules of decision.

These laws may be found in the statutes of such states or in the decisions of its highest courts.

The Supreme Court in considering this section in Bucher v. Cheshire Railroad Co., 125 U. S. 582, 8 S. Ct. 974, 978, 31 L. Ed. 795, and in many others, calls attention to the embarrassment resulting from having to lay down a different rule in the state from that held by its courts. It was no doubt due to this embarrassment that this section was passed.

It was said in that case:

"It may be said generally that wherever the decisions of the state courts relate to some law of a local character, which may have become established by those courts, or has always been a part of the law of the state, that the decisions upon the subject are usually conclusive, and always entitled to the highest respect of the federal courts. * * *

"Where such local law or custom has been established by repeated decisions of the highest courts of a state it becomes also the law governing the courts of the United States sitting in that state."

This shows that in construing section 725, the Supreme Court does not limit it to statutory rules prescribed in the state, but extends this statute to rules laid down by the courts.

In the case of Sim v. Edenborn, 242 U. S. 135, 37 S. Ct. 36, 37, 61 L. Ed. 199, the court says:

"This court has many times considered how far Federal tribunals, when undertaking to enforce laws of the states, should follow opinions of their courts. The authorities were reviewed and rule announced in Burgess v. Seligman, 107 U. S. 20, 33–35, 2 S. Ct. 10, 27 L. Ed. 359, 365, 366, which declared that, as to doctrines of commercial law and general jurisprudence, the former exercise their own judgment, 'but even in such cases, for the sake of harmony and to avoid confusion, the Federal courts will lean towards an agreement of views with the state courts, if the question seems to them balanced with doubt.' This has been often reaffirmed."

In Blackwell v. Southern Pac. Co. (C. C. A.) 184 F. 489, 495, the court says:

"But independently of the decision in that case this court would feel called upon to follow the ruling of the Supreme Court of the state in the Donlon Case [151 Cal. 763, 91 P. 603 11 L. R. A. (N. S.) 811, 12 Ann. Cas. 1118]. Congress has not seen fit to legislate on the subject of the validity of contracts of the nature involved; and consequently, the matter for decision involving no federal question, the case being here merely by reason of diversity of citizenship, this court will adopt the declared policy of the state in which it sits, as found either in its statutes or the decisions of its highest tribunal."

In Old Colony Trust Co. v. City of Tacoma (D. C.) 219 F. 775, 780, the court says:

"Where the jurisdiction depends on diversity of citizenship, alone, and no constitutional question is involved, as in this case, in the absence of authority controlling on this court, where the decision of the state court touches the same property, in consideration of the results should the decisions be conflicting, while not absolutely bound by the ruling of the state court, more than ordinary weight must be given it and its finding followed, unless the court is fully convinced that it is erroneous."

In Keystone Wood Co. v. Susquehanna Boom Co. (C. C. A.) 240 F. 296, 299, the court says:

"The question, then, being one of state policy, the case is peculiarly one in which the federal courts, exercising jurisdiction in such state, should ascertain what the highest courts of the state have held as to such policy."

In United Fidelity & Guaranty Co. v. Whittaker (C. C. A.) 8 F. (2d) 455, 456, in following the opinion of the Supreme Court in the Bucki Case, the Court of Appeals says:

"In the view we take of the question thus presented, it is not material whether a final judgment was entered in the state court or not, because the construction placed upon a bond given in a judicial proceeding in a state court, pursuant to a law of the state, by the highest court of the state, is controlling upon every other court, and in every other jurisdiction."

If a bond is given in a state judicial proceeding, surely the rule laid down in the Tullock and Bucki Cases would apply.

If the Supreme Court of a state construed a bond given in its state, should not such construction be followed, even though such bond was not given in a judicial proceeding?

Is it not the construction by the court of a state bond that binds, and not the fact that such bond was given in a judicial proceeding? See Burns Mortgage Co. v. Erwin M. Fried, 292 U. S. 487, 54 S. Ct. 813, 78 L. Ed. 1380 (May 28, 1934).

Is not singleness of meaning and certainty as to liability just as necessary in a bond given as an indemnity outside of a court proceeding as in a bond given in such proceeding?

Hence, I feel that if a contract would be construed in the state court so as to give the plaintiff his right of action, this right cannot be destroyed by removing the suit from the state to the federal court.

In the instant case, I am more inclined to follow the state ruling because there is no averment in the plea of any loss or injury sustained by the defendant because of the failure to give the specified notice.

It seems to me, that under the facts of this case, I should follow the rule laid down in the Bucki Case.

The reasons given in that case seem to me just and right and I do not think that these reasons so aptly there stated require that in construing bonds or contracts, we should limit the rule to only those which were given in some court proceeding. If we do not follow the state rule in this case, then we have the unfortunate predicament that the bond means one thing in the state court where the suit was brought and an entirely different thing in the federal court to which it was removed.

Is there any more reason which requires a definiteness as to liability in a bond given in a court proceeding, than to a bond given in any other proceeding, or as to any other contract which parties may agree on.

The liability on the bond exists in the state court, but is defeated in the federal court. And this defeat is brought about by the removal of the suit from one court to the other.

■ I feel that in contracts, parties' rights are to be determined by the language used, and, as stated by the Bucki Case, there should be only one construction so as to make it certain, and that construction must be determined by where the contract was made and intended to be performed. It was by this law they contracted to be bound.

■ Where parties make their contracts in contemplation of the law of the state, such law of the state becomes a part of the contract, and certainly would be so enforced by the state court.

To hold that a federal court should apply a different rule of construction of the terms in such contract is to give the contract a meaning wholly different from that which the parties themselves intended and agreed on.

If the federal court does not follow the state construction on such propositions, it will enforce a contract not agreed on by the parties or deny enforcement of one the parties did agree on.