## DOUGHERTY v. GUTENSTEIN.

District Court, S. D. New York.
March 4, 1935.

Adolph Bruenner, of New York City (Irving I. Goldsmith and Monroe H. Collenburg, both of New York City, of counsel), for plaintiff.

John P. Smith, of New York City (James P. Allen, Jr., of Brooklyn, N. Y., of counsel), for defendant.

PATTERSON, District Judge.

The motion is to dismiss the complaint on its face, on the ground that it does not state facts sufficient to constitute a cause of action, and on the further ground that the court has no jurisdiction of the subject of the action.

The action is at law. The complaint alleged that the plaintiff suffered personal injuries through the negligence of the defendant's intestate, one Albright, in an automobile collision occurring in the state of New Jersey; that the defendant's intestate, who has since died, was a resident of New York, and that the defendant was appointed his administratrix by the Surrogate's Court of New York county; and that by the laws of New Jersey a cause of action for trespass against the person does not abate on death of the tort-feasor, but may be maintained against his executor or administrator. Diversity of citizenship is alleged, the plaintiff being a resident of New Jersey and the defendant a resident of New York.

There is a New York statute, of which judicial notice will be taken, to the effect that an action to recover for personal injuries may not be maintained against the executor or administrator of an alleged wrongdoer. Decedent Estate Law (Consol. Laws N. Y. c. 13) § 120.*

The question then is whether suit may be maintained in a federal court sitting in New York by a resident of New Jersey against the New York administrator of a New York decedent to recover for personal injury alleged to have been inflicted in New Jersey by the negligent act of the decedent, New Jersey having a statute that a cause of action for personal injury shall not abate on death of the alleged wrongdoer, and New York having a statute that such a cause of action shall abate on his death.

The question has been answered in the negative so far as concerns the maintenance of such a suit in the state courts of New York. Herzog v. Stern, 264 N. Y. 379, 191 N. E. 23. There the plaintiff, injured in Virginia through the negligence of the decedent, a resident of New York, brought suit in a New York court against the decedent's executors. Virginia has a statute like that of New Jersey. It was held that the New York courts had no jurisdiction to entertain the suit. This because, as the court held, the New York Legislature, in determining the devolution of property of decedents and the application of such property toward the satisfaction of claims against the decedent, had declared that no claims for personal injuries caused by the decedent should be entitled to payment, and also because such a suit was offensive to the public policy of New York as declared by the state Legislature. I am of opinion that the decision in the Herzog Case is not merely persuasive against the maintenance of a similar suit in a federal court with jurisdiction in New York, but is an authority binding under the "Rules of Decision" Act (28 USCA § 725).

---

* "§ 120. Actions for wrongs, by or against executors and administrators. For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or after his death, by his executors or administrators, against such wrong-doer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts. This section shall not extend to an action for personal injuries, as such action is defined in section thirty-seven-a of the general construction law; except that nothing herein contained shall affect the right of action now existing to recover damages for injuries resulting in death."

■ It is true that the law of the place where an alleged tort was committed is controlling as to the existence and extent of legal liability. Slater v. Mexican Nat. R. Co., 194 U. S. 120, 24 S. Ct. 581, 48 L. Ed. 900; Cuba R. Co. v. Crosby, 222 U. S. 473, 32 S. Ct. 132, 56 L. Ed. 274, 38 L. R. A. (N. S.) 4; Young v. Masci, 289 U. S. 253, 53 S. Ct. 599, 77 L. Ed. 1158, 88 A. L. R. 170. That law also controls the question whether a cause of action for tort survives the death of the wrongdoer. Ormsby v. Chase, 290 U. S. 387, 54 S. Ct. 211, 78 L. Ed. 378, 92 A. L. R. 1499. Without the New Jersey statute declaring survivorship, the cause of action for the injury would be deemed abated everywhere, and it would not have availed the plaintiff if New York had had a statute that the cause of action did not abate. Ormsby v. Chase, supra. It cannot be said then that the plaintiff's cause of action for personal injuries abated on Albright's death.

■ But it is equally clear that a cause of action arising in one jurisdiction will not be enforced in another, where maintenance of a suit on the cause of action is offensive to the public policy of the latter. See Texas & Pacific R. Co. v. Cox, 145 U. S. 593, 605, 12 S. Ct. 905, 36 L. Ed. 829; Huntington v. Attrill, 146 U. S. 657, 670, 13 S. Ct. 224, 36 L. Ed. 1123; Stewart v. Baltimore & Ohio R. Co., 168 U. S. 445, 448, 18 S. Ct. 105, 42 L. Ed. 537. And the decisions of the state court of last resort of the state where suit is brought settle the public policy of the state and will be taken as the guide in suits brought in the federal court sitting in that state. Parker v. Moore, 115 F. 799 (C. C. A. 4), certiorari denied 187 U. S. 644, 23 S. Ct. 844, 47 L. Ed. 347; Gallagher v. Florida East Coast R. Co., 196 F. 1000 (D. C. N. Y.).

■ The New York Legislature has enacted that no action for personal injuries caused by the deceased shall be brought against his personal representatives. The highest court of the state has decided that the force of this statute is not merely to bar actions for personal injuries inflicted by act of a decedent within the state, but is to bar suits for personal injuries wherever inflicted by a decedent; that the statute is declarative of a settled public policy of the state that no part of a decedent's estate shall go to pay for personal injuries caused by him. In a federal court sitting in New York, the local statute must be given the effect attributed to it by the court of last resort of that state, as if the state court's decision were literally incorporated into the statute.

Burns Mortgage Co. v. Fried, 292 U. S. 487, 54 S. Ct. 813, 78 L. Ed. 1380, 92 A. L. R. 1193. The consequence is that a suit against an administratrix appointed by the New York courts to recover for personal injuries resulting from negligence of the decedent may not be maintained in the District Court for the Southern District of New York, even though the injuries were inflicted in a state where the law is that such an action shall not die with the alleged wrongdoer.

This result is in line with the rule laid down in Restatement of Conflict of Laws, § 390, and with the qualification set forth in comment (b) under the section. Section 390 reads: "Whether a claim for damages for a tort survives the death of the tortfeasor or of the injured person is determined by the law of the place of wrong."

In comment (b) under the section it is stated: "If a claim for damages for injury survives the death of the injured person or the wrongdoer, as the case may be, by the law of the place of wrong, recovery may be had upon it by or against the representative of the decedent, provided the law of the state of forum permits the representative of the decedent to sue or be sued on such a claim. Without such power created by the law of the state of suit, no recovery can be had (see Sections 507 and 512)."

The plaintiff has referred to decisions in Minnesota and Missouri contrary to Herzog v. Stern, supra. Chubbuck v. Holloway, 182 Minn. 225, 234 N. W. 314, 868; Burg v. Knox, 334 Mo. 329, 67 S. W. (2d) 96. This court, however, must apply the law of New York as declared by its highest court.

Missouri Pacific R. Co. v. Larussi, 161 F. 66 (C. C. A. 7), and St. Bernard v. Shane, 220 F. 852 (C. C. A. 6) are not analogous. It was held that a case brought under the death act of a foreign state may be maintained in the federal court, even though the state in which the court sits has a law that no action shall be brought to recover for death occurring outside the state. In those cases the state of the forum had no general public policy against suits for wrongful death, and, under the circumstances, the statutory prohibition against suits of that character for death outside the state was held operative only as to the state courts. The situation was like that where a foreign corporation sues in the federal court, although denied access to the state court because not registered in the state. David Lupton's Sons Co. v. Automobile

Club, 225 U. S. 489, 32 S. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699.

The motion to dismiss the complaint will therefore be granted.