GENERAL INVESTMENT CORP., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. AUGUSTINE BONATZ AND IRENE BONATZ, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 15, 1953—Decided June 30, 1953.

Before Judges STEIN, PROCTOR and CONLON.

*Mr. Gerald W. Kolba,* attorney for and of counsel with plaintiff-appellant, argued the cause.

The opinion of the court was delivered by

PROCTOR, J. S. C. (temporarily assigned). The plaintiff brought an action in the district court on a promissory note made by the defendants to Perma-Wall, Inc. and transferred by it to the plaintiff for value before maturity. The note was originally given to Perma-Wall, Inc., in payment for certain work to be performed for the defendants. The note reads as follows:

"NOTE

| $741.96 | Roebling | N. J. | Dec. 28, 1951 |
|---------|----------|-------|---------------|
| (Total of Note) | (City) | (State) | (Date) |

UNDERSIGNED PROMISES TO PAY TO THE ORDER OF PERMA-WALL, INC.

(Name of Dealer)

SEVEN HUNDRED FORTY-ONE and 96/100 . .. ..... ..... DOLLARS

(Total Amount of Note)

in 12 equal and consecutive monthly instalments of $61.83 Each, the first payable on the 11th day of Feb. 1952, and subsequent instalments on the same day of each month thereafter until paid in full, with interest from maturity at the highest lawful rate. If any instalment of this note is not paid when due the entire unpaid amount hereof shall immediately become due and payable, together with 15% of the amount unpaid hereon, for collection and attorney fees, and if admitted by law, undersigned jointly and severally authorize any attorney at law to appear in any court of record in the United States for the undersigned, and confess judgment for such amount as may appear to be unpaid hereon at maturity, together with interest and 15 per cent of the amount appearing unpaid hereon for collection and attorney's fees, in favor of the holder hereof, and undersigned waives the issue of process, and all right of appeal. "Late charges" (5c. per $1, maximum $5) are payable on any instalment more than 15 days in arrears. The makers, endorsers, and all parties to this note waive presentment and demand, notice of demand, protest, non-payment or dishonor, and notice of the sale of any collateral

security and hereby authorize holders, without notice to grant in whole or in part, extensions in the time of payment and guaranteed payment notwithstanding such extensions or sale of collateral security.

Negotiable and payable at the
office of

GENERAL INVESTMENT CORP.        AUGUSTINE BONATZ
31 Clinton Street, Newark, N. J.      IRENE BONATZ"

The trial court, sitting without a jury, held that the note was so ambiguous with respect to the interest payments that it did not call for the payment of a sum certain and, therefore, was not negotiable. Thereupon, the trial court, over the objection of the plaintiff, permitted the defendants to introduce evidence of defective workmanship on the part of Perma-Wall, Inc. Judgment was entered for the defendants and plaintiff appeals.

Plaintiff contends that the note was negotiable and, plaintiff being a *bona fide* holder thereof, is not as such subject to the equities between the original parties; that the court erred in holding otherwise. This is the only issue before us.

The trial court placed reliance upon the opinion in *New Miami Shores Corp. v. Duggan*, 9 *N. J. Misc.* 620 (*Sup. Ct.* 1921), affirmed 109 *N. J. L.* 220 (*E. & A.* 1932). The note in that case was payable "with interest thereon at the rate of eight per cent per annum from date until fully paid," and further provided "Deferred payments [are] to bear interest from maturity at ten per cent per annum semi-annually." It was held that the two interest provisions were so inconsistent that it could not be ascertained at which rate interest was payable on overdue principal. See *Burns Mortgage Co. v. Fried*, 292 *U. S.* 487, 54 *S. Ct.* 813, 78 *L. Ed.* 1380 (1934). However, in the present case the note is payable in installments and calls for no interest until after maturity; the "late charges" are of liquidated sums on installments in arrears over fifteen days. If payments had been made in compliance with the terms of the note there could be no question of uncertainty and if the terms of the note had not been complied with the amount due could readily be computed.

We hold that the note here under consideration is negotiable within the provisions of *N. J. S.* 7:2–2. There being no dispute as to the amount remaining unpaid, judgment is entered in the sum of $460.61 in favor of the plaintiff.