JAMES A. TAYLOR, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Argued May 17, 1945; decided July 19, 1945.

*Copal Mintz* and *James J. Healy* for appellant. I. Plaintiff, at the time of his injuries, was an employee engaged in interstate carriage and thus his rights are determinable solely by Federal law. (Federal Employers' Liability Act, § 1; U. S. Code, tit. 45, § 51 *et seq.; New York Central R. R. Co. v. Winfield*, 244 U. S. 147; *Reinhart v. Gerosa Crane Service Co., Inc.*, 263 App. Div. 28; *Pennsylvania Co. v. Roy*, 102 U. S. 451; *Thorpe v. N. Y. C. and H. R. R. R. Co.*, 76 N. Y. 402; *Dwinelle*

v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 117; *U. S.* v. *American Ry. Exp. Co.*, 265 U. S. 425.) II. Moreover, the Pullman cars on the defendant railroad are operated jointly by the railroad and The Pullman Company. Thus the plaintiff was as much an employee of the railroad as of The Pullman Company. The wages paid to the plaintiff, in effect, were charged to a joint account; the fact that the payment was by check of The Pullman Company cannot serve to remove him from the protection of the Federal Employers' Liability Act. (*Seybolt* v. *N. Y. L. E. & W. R. R. Co.*, 95 N. Y. 562; *Brewer* v. *N. Y., L. E. & W. R. R. Co.*, 124 N. Y. 59; *Oliver* v. *Northern Pac. Ry. Co.*, 196 F. 432.) III. The assignment provision in section 29 of the Workmen's Compensation Law is inoperative when the compensation payer is disabled and barred from prosecuting the cause of action. (*Grossman* v. *Consolidated Edison Co., Inc.*, 294 N. Y. 39.) IV. Equity protects one's property right in a cause of action held by another. Consequently, upon his showing that the legal owner of the cause of action refuses to sue or will dissipate it, he has the right to sue. There is no reason why that should not apply to assignments under section 29 of the Workmen's Compensation Law. (*Hubbell* v. *Medbury et al.*, 53 N. Y. 98; *Lewis* v. *Home Insurance Co.*, 199 App. Div. 556; *Hall* v. *Southern Pacific Co.*, 40 Cal. App. 39; *Jolley* v. *United Power & Light Corp.*, 131 Kan. 102; *O'Donnell* v. *Baker Ice Machine Co.*, 114 Neb. 9; *Murphy Construction Co.* v. *Serch*, 104 Neb. 398; *Muncaster* v. *Graham Ice Cream Co.*, 103 Neb. 379; *Keen* v. *Allison*, 166 Tenn. 218; *William Cameron & Co.* v. *Gamble*, 216 S. W. 459 [Texas]; *Lancaster* v. *Hunter*, 217 S. W. 765 [Texas]; *Galveston-Houston Electric Co.* v. *Reinle*, 264 S. W. 783 [Texas]; *Schnick* v. *Morris*, 24 S. W. 2d 491 [Texas].)

*Edward D. Burns, John G. Saxe* and *Rogers H. Bacon* for respondent. I. The Workmen's Compensation Law expressly required a dismissal of the complaint. (*McKuskie* v. *Hendrickson*, 128 N. Y. 555; *Matter of McNerney* v. *City of Geneva*, 290 N. Y. 505; *Hobbs* v. *McLean*, 117 U. S. 567; *Matter of Stoerzer* v. *City of New York*, 267 N. Y. 339; *Grossman* v. *Consolidated Edison Co.*, 294 N. Y. 39; *Lunn* v. *Andrews*, 152 Misc. 568, 243 App. Div. 654, 268 N. Y. 538; *Calagna* v. *Sheppard-*

*Pollak, Inc.,* 264 App. Div. 589; *Boyan* v. *General Time Instruments Corp.,* 267 App. Div. 908; *Nelson* v. *Buffalo Niagara Electric Corp.,* 264 App. Div. 941, 292 N. Y. 600; *Hunt* v. *Bank Line,* 35 F. 2d 136; *The Nako Maru,* 101 F. 2d 716; *Moore* v. *Hechinger,* 127 F. 2d 746.) II. Plaintiff's rights are governed solely by the Workmen's Compensation Law. (*Matter of Bryant* v. *Pullman Co.,* 19 State Dept. Rept. 456, 188 App. Div. 311, 228 N. Y. 579; *Adams* v. *New Jersey Steamboat Co.,* 151 N. Y. 163; *Wells Fargo & Co.* v. *Taylor,* 254 U. S. 175; *Chicago Refrigerator Co.* v. *I. C. C.,* 265 U. S. 292; *Robinson* v. *Balt. & Ohio R. R.,* 237 U. S. 84.)

DESMOND, J. The complaint alleges that plaintiff, while employed by The Pullman Company as a porter, was injured when the car in which he was riding was derailed and overturned. That accident, according to the complaint, was caused by the negligence of defendant New York Central Railroad Company, whose locomotive was drawing the train which included the Pullman car in which plaintiff was working. The railroad company's answer, besides denials, contains defenses which point out that after the accident plaintiff made claim for workmen's compensation before the State Industrial Board, was awarded such compensation and accepted it, and that this action was not commenced until more than six months after such award and acceptance and until more than a year after the accrual of the cause of action alleged in the complaint. By reason of that lapse of time, says the answer, plaintiff's alleged cause of action against defendant has, under section 29 of the Workmen's Compensation Law, become the property of plaintiff's employer, The Pullman Company. Plaintiff served a reply. In it he avers that " he was in the employ of The Pullman Company and of the defendant jointly as a porter ", that plaintiff The Pullman Company, and defendant railroad company were all, at the time of the accident engaged wholly in interstate commerce and that The Pullman Company and defendant were common carriers by railroad engaged in interstate commerce with plaintiff as their employee. Other allegations in the reply are that, when this action was commenced, The Pullman Company had no intention of enforcing any liability of defendant for negligently injuring plaintiff, and was

disabled from bringing any such suit by its prior agreement to save defendant harmless from any liability to The Pullman Company's employees.

By consent, the issues raised by the defenses and the reply were separately tried by the court without a jury. On that trial it was conceded that plaintiff had been hired by and paid by The Pullman Company as a porter, and that he had been awarded workmen's compensation, which had been paid to him by The Pullman Company. It appears without dispute that the present action was not started until more than six months after the compensation award and more than a year after the accident. Admitted in evidence at the trial was an agreement between The Pullman Company and defendant, which agreement, plaintiff argues, had the effect of making defendant railroad company an employer of plaintiff — either a special employer *pro hac vice* or an employer jointly with The Pullman Company. The Trial Justice, at the close of the trial, dismissed the complaint. In his oral opinion he held that by lapse of time plaintiff had been divested, under section 29 of the Workmen's Compensation Law, of the right to bring this suit. The court ruled that the New York State Workmen's Compensation Law was applicable and the Federal Employers Liability Act (U. S. Code, tit. 45, §§ 51 *et seq.*) inapplicable. The Appellate Division unanimously affirmed without opinion and we granted leave to appeal to this court.

There are two branches to plaintiff's argument. First, he contends that section 29 of the Workmen's Compensation Law, despite its language, does not bar a suit like this, brought more than six months after the compensation award and more than a year after the accidental injury. His suit, he says, is saved from the bar set up by that section because, he says, the provision of that section assigning, after that lapse of time, the cause of action to the payer (The Pullman Company) of the compensation '' is inoperative when the compensation payer is disabled and barred from prosecuting the cause of action ''. We will first discuss that matter, turning later to his other point which is based on the theory of employment by an interstate carrier in interstate commerce.

Under section 29 of the Workmen's Compensation Law it is unnecessary for an injured employee to choose in the first

instance between taking compensation and pursuing by suit his cause of action against a third person alleged to have injured him. He may take the compensation from his employer or his employer's insurer and nonetheless bring an action against the third person. But " such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues." If the injured workman fails to bring the action within the time so limited, " such failure shall operate as an assignment of the cause of action against such other * * * to the person * * * liable for the payment of such compensation." That is plain language. The cause of action, after the stated time has gone by, passes to the employer or insurer. No exception is supplied for a situation where the compensation payer has in advance disabled himself, by agreement or release, from taking advantage of the employee's cause of action thus automatically assigned. Finding no such exception, we would be legislating if we read one in, and that we cannot do.

Plaintiff argues, however, that, whatever its meaning, section 29 has no effect on his rights because, he says, his accident and his injuries are not within the coverage of the Workmen's Compensation Law at all. His employment, he argues, was by an interstate carrier in interstate commerce and so, he asserts, his rights are governed exclusively by the Federal Employers Liability Act. We hold, for the reasons now to be stated, that section 29 of the Workmen's Compensation Law does bar this suit.

The Workmen's Compensation Law in terms covers plaintiff's work (§ 3, Group 14) and so that statute controls unless some applicable Act of Congress has validly " covered the field " (*New York Central R. R. Co.* v. *Winfield,* 244 U. S. 147). Congress has provided such exclusive coverage, says plaintiff, in the Federal Employers Liability Act (*supra*). That statute provides (§ 1; U. S. Code, tit. 45, § 51) that " Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ", for injury or death resulting from the carrier-employer's negligence in certain respects.

Plaintiff would have us hold that he was, at least for present purposes, a sort of special employee of defendant railroad company, or that the railroad company, since it acted, as he says, jointly with The Pullman Company, was one of his employers. He conceded at the trial that he was hired and paid by The Pullman Company but points to an agreement between that Company and defendant, for the hauling of the Pullman cars, as showing an employer-employee relationship of some kind between him and defendant. We have examined that document with care and are satisfied that it establishes the contrary, that is, that plaintiff, although in his services to The Pullman Company he to some extent furthered defendant's purposes and co-operated with its own employees, was the employee of The Pullman Company, and of no one else. Quite pertinent is *Robinson* v. *Balt. & Ohio R. R.* (237 U. S. 84). There a Pullman porter, suing an interstate carrier by railroad for negligently injuring him, was confronted with an agreement he had made releasing the carrier from such liabilities. Such attempted exemptions of a carrier from liability to its employees are void under the Federal Employers Liability Act. Accordingly Robinson, to avoid the effect of the release he had given, contended that his employment as a Pullman porter on an interstate train was covered by the Federal Act only, just as the present plaintiff makes a similar contention to avoid the time limitation in section 29 of the Workmen's Compensation Law. Robinson, like plaintiff here, asserted that he was so much an employee of the railroad company that the Federal Act came into play and governed the case. Justice HUGHES pointed out (p. 91) that " the ' liability created ' by the [Federal] Act is a liability to the ' employes ' of the carrier, and not to others; and the plaintiff was not entitled to the benefit of the provision unless he was ' employed ' by the Railroad Company within the meaning of the Act.'' The whole question, he wrote, was whether " within the sense of the Act the plaintiff was an employe of the Railroad Company, or whether he is not to be regarded as outside that description being, in truth, on the train simply in the character of a servant of another master by whom he was hired, directed and paid, and at whose will he was to be continued in service or discharged.'' (p. 92). The Supreme Court went on to examine, in the *Robinson* case, the

contract between The Pullman Company and the railroad company which, in essentials, did not differ from the contract in evidence in this present record. The contract, the court ruled, did not make the railroad company Robinson's employer. Concluding, the court stated its opinion (p. 94) that " Congress used the words ' employe ' and ' employed ' in the statute in their natural sense, and intended to describe the conventional relation of employer and employe " (see to the same effect, *Hull* v. *Phila. & Reading Ry. Co.*, 252 U. S. 475, 479). The Supreme Court nòted, in the *Robinson* case (p. 94), that Congress, although knowing that " there were on interstate trains persons engaged in various services for other masters ", failed to include those persons among those to whom the railroad company was to be liable under the act. *Robinson* v. *Baltimore & Ohio* thus holds that a Pullman porter like plaintiff Taylor is not, within the Federal Employers Liability Act, an employee of the railroad company of whose train his Pullman car is a part.

Nor does plaintiff, as an employee of The Pullman Company, come within the Federal Act and escape the controls of the Workmen's Compensation Law. We find no express holding in the cases as to whether or not an operator of parlor and sleeping cars is liable to its porters under the Federal Act, but the answer seems plain enough. In *Wells Fargo & Co.* v. *Taylor* (254 U. S. 175, 187) the Supreme Court, denying the applicability of the Federal Act to workers on the cars of a railway express company, said: " In our opinion the words ' common carrier by railroad ' as used in the act, mean one who operates a railroad as a means of carrying for the public, — that it to say, a railroad company acting as a common carrier." In *Chicago Refrigerator Co.* v. *I. C. C.* (265 U. S. 292, 297) construing the Interstate Commerce Act, the court noted in passing that " sleeping car companies and express companies " are not common carriers by railroad under that act. There is a similar dictum of this court in *Adams* v. *New Jersey Steamboat Co.* (151 N. Y. 163, 168) where in 1896, Judge O'BRIEN wrote: " Sleeping-car companies are neither innkeepers nor carriers." In *Matter of Bryant* v. *Pullman Co.* (228 N. Y. 579) an award against The Pullman Company, of workmen's compensation to a porter on an interstate train, was affirmed by this court. The alleged exclusive coverage of the Federal Employers Liability Act was not

argued on the appeal but it had previously been asserted before the Industrial Commission and rejected by that body (see 19 State Dept. Rep., p. 456).

It follows that the courts below were right in holding that plaintiff, after the lapse of a year from the date of his injury, was, by section 29 of the Workmen's Compensation Law, barred from bringing this action. The complaint was, therefore, properly dismissed.

The judgment should be affirmed, with costs. [See 294 N. Y. 977.]

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, THACHER and DYE, JJ., concur.

Judgment affirmed.