JAMES CULNEN, PLAINTIFF, MILTON, McNULTY & AU-
GELLI, PETITIONERS-APPELLANTS, v. PUBLIC SER-
VICE INTERSTATE TRANSPORTATION COMPANY, DE-
FENDANT-RESPONDENT.

Argued October 1, 1946—Decided April 2, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and
COLIE.

For the appellants, *Milton, McNulty & Augelli* (*Joseph Keane,* of counsel).

For the respondent, *Carl T. Freggens* (*Henry J. Sorenson,* of counsel).

The opinion of the court was delivered by

COLIE, J.   This is an appeal from an order of the Hudson County Court of Common Pleas, dismissing the petition of the appellants wherein they sought to have the amount of their lien for services as attorneys determined and enforced.

James Culnen, on August 13th, 1943, was in the employ of the Port of New York Authority, directing traffic in the State of New York, when a bus owned and operated by the defendant company struck and injured him.   Thirteen months later, on September 28th, 1944, appellants were retained by Culnen to represent him in his claim against the defendant. On July 9th, 1945, appellants filed a summons and complaint

in. the Hudson County Court of Common Pleas, seeking damages from the defendant for their client. On August 10th, 1945, the Port of New York Authority brought suit in a New York court against the defendant for the injuries sustained by Culnen. The New York action was settled for $8,500 and a discontinuance filed January 11th, 1946.

The claim of appellants against the defendant company is grounded upon *R. S.* 2:20–7: "After the service of a summons and complaint in any action at law, * * * the attorney * * * shall have a lien for compensation, upon his client's cause of action, * * * The lien shall not be affected by any settlement between the parties before or after judgment or final order or decree." The lien created by this statute attaches to the "client's cause of action" and if there exists no cause of action, there is nothing to which the lien may attach. *Cf. Shaffer* v. *Shaffer,* 129 *N. J. Eq.* 42, holding that a prerequisite to a lien under *R. S.* 2:20–7 is a cause of action. It therefore is essential to determine whether James Culnen had a cause of action against the defendant on July 9th, 1945, when appellants filed a summons and complaint on behalf of their client in the Hudson County Court of Common Pleas. In the supplemental answer filed by the defendant thereto, it set up as a defense that the Industrial Board of the State of New York had awarded compensation to Culnen for his injuries which his employer, the Port Authority, had paid, and which Culnen had accepted. The answer further set up that since no action was commenced by Culnen against defendant within one year from the date when his action accrued, his cause of action was assigned by operation of law to his employer.

Before discussing the applicable law of New York, it should be pointed out that the accident occurred in New York and therefore the law of that state is controlling. *Harber* v. *Graham,* 105 *N. J. L.* 213.

The Workmen's Compensation Law of New York, Act. 2, section 29, subdivision 1 reads in part as follows: "If such injured employee [Culnen], * * * take or intend to take compensation under this chapter and desire to bring action against such other [transportation company], such action

must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues." (Brackets ours.) Subdivision 2 reads, in part: "If such injured employee, * * * has taken compensation * * * but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to * * * the person, * * * liable for the payment of such compensation." This statute has been construed by the Court of Appeals in *Taylor v. New York Cent. R. Co.*, 294 *N. Y.* 397; 62 *N. E. Rep.* (2d) 777. The court said, speaking of an action against a third party tort feasor: "But 'such action must be commenced not later than six months after the awarding of compensation and in any event before the expiration of one year from the date such action accrues.' If the injured workman fails to bring the action within the time so limited, 'such failure shall operate as an assignment of the cause of action against such other * * * to the person * * * liable for the payment of such compensation.' That is plain language. The cause of action, after the stated time has gone by, passes to the employer or insurer."

Our court of last resort has considered the pertinent section of the New York Compensation statute in *Zurich General Accident, &c., Co. v. Ackerman Bros.*, 124 *N. J. L.* 187, and construed it as creating a new cause of action. In that case the court said: "The objects of the acts of the two states are identical, in the protection of the rights of both the injured workman and the insurance carrier" and then went on to say that "where the laws of a foreign state do not conflict with the public policy of this state it is our duty to recognize and enforce the laws of said state." Applying this established principle to the facts in this case, we are of the opinion that there existed no cause of action to which appellants' alleged lien could attach, since on the date when the suit was instituted in the Hudson County Common Pleas, the cause of action had under the New York law passed to the Port Authority.

The order under appeal is affirmed, with costs.