THEODORE YOUNG, Appellant, v. STATE OF NEW YORK, Respondent. (Motion No. 1344.) — Appeal by claimant from an order of the Court of Claims entered December 2, 1947, denying a motion for leave to file a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act (L. 1939, ch. 860). The claimant seeks damages for personal injuries sustained on August 30, 1946. He received a compensation award against his employer and insurance carrier on July 21, 1947. This application was filed October 7, 1947, more than one year after the date of the injury. On its face, therefore, the cause of action, if any, has passed to the employer's insurance carrier pursuant to section 29 of the Workmen's Compensation Law, and if nothing more appeared the court would have properly denied permission to file the claim. (*Taylor* v. *New York*

*Central R. R. Co.,* 294 N. Y. 397, motion for reargument denied 294 N. Y. 977, certiorari denied 326 U. S. 786.) However, the claimant contends that this short Statute of Limitations is tolled by the operation of section 115 of the Workmen's Compensation Law which provides: "No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor so long as he has no committee or guardian." Whether or not the claimant was "mentally incompetent" within the intent and meaning of this action, and if so, for how long a period of time, presents questions of fact which should not be disposed of except by trial. For this reason only the order denying claimant-appellant's motion to file a claim should be reversed. Order denying claimant-appellant's motion to file a claim reversed, on the law and facts, and permission to file such claim granted, with $10 costs and disbursements. Such claim shall be filed within twenty days after the entry of the order hereon. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur. [190 Misc. 711.]