**CURRANT v. EASTERN S. S. LINES, Inc.**

Civ. A. No. 6747.

District Court, D. Massachusetts.

April 13, 1948.

Schneider, Reilly & Bean, of Boston, Mass., for plaintiff.

Arthur J. Santry and Putnam, Bell, Dutch & Santry, all of Boston, Mass., for defendant.

HEALEY, District Judge.

The plaintiff instituted this action in the state court, seeking damages for injuries suffered by him while working aboard the defendant's steamship, John Henry, berthed in Boston Harbor. The case was removed to this court by the defendant on the ground of diversity of citizenship. It came on for hearing on the defendant's motion to dismiss.

Findings of Fact

1. The plaintiff, an employee of the Bethlehem Steel Company, was working upon a ship owned by the defendant Eastern Steamship Lines, Inc., at the time of the accident.

2. The plaintiff received compensation from the Bethlehem Steel Company, a self-insurer, in accordance with the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. in the sum of $1,078.54, covering 43 weeks and 1 day of disability.

3. Under date of March 28, 1945, the deputy commissioner for the First Compensation District, after investigation of the case, no hearing having been applied for by any interested party, issued a compensation order containing his "findings of fact" and the following "Award":

"That the employer, Bethlehem Steel Company, shall pay to the claimant compensation for temporary total disability at the rate of $25.00 per week from September 12, 1943, through July 9, 1944, 43 weeks, 1 day, and for permanent partial disability 42 weeks at the rate of $25.00 per week, commencing as of July 10, 1944, but shall have credit for the sum of $1078.54 heretofore paid on that account.

"The sum of $75.00 is hereby declared a lien on said award in favor of Dwight L. Allison, Esq., and is ordered deducted from said award and paid direct to the said Dwight L. Allison."

4. The plaintiff and his attorney endorsed checks, dated March 29, 1945, in the amounts of $975 and $75 respectively, which were sent them by the Bethlehem Steel Company pursuant to the award contained in the deputy commissioner's compensation order.

5. Plaintiff through his counsel, made a demand on the Bethlehem Steel Company to prosecute its right of action against the Eastern Steamship Lines, Inc., but the Bethlehem Steel Company has failed to do so.

6. The present action was instituted in the Superior Court for Suffolk County, Massachusetts, by a writ dated March 14, 1947.

## Discussion

The defendant contends that the plaintiff's acceptance of compensation under the commissioner's award dated March 28, 1945, operated as an assignment to Bethlehem Steel Company of all right of the plaintiff to recover damages against the defendant. 33 U.S.C.A. § 933(b).

The plaintiff contends first that the compensation accepted by him from his employer was not made pursuant to a ·valid award of the deputy commissioner, and secondly that even if it were so made, the plaintiff has the right to pursue his remedy against this defendant because the employer without just cause, refused to bring suit against the defendant.

The relevant part of Section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 933(b), is as follows:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Administrator may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person. * * *

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

"(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

"(1) The employer shall retain an amount equal to—

. "(A)  *  *  *

"(B)  *  *  *

"(C)  *  *  *

"(D)  *  *  *

"(2) The employer shall pay any excess to the person entitled to compensation  *  *  *."

The plaintiff contends that he did not accept any compensation from his employer, Bethlehem Steel Company, "under an award in a compensation order filed by the deputy commissioner" so as to bring about an assignment of his claim against the defendant under Section 33(b) of the Act.

While it is true that, from the time of his injury until March 29, 1945, the compensation paid the plaintiff was not "[paid] under an award in a compensation order filed by the deputy commissioner", yet, by accepting the payment made by the check dated March 29, 1945, which was made under the award in the deputy commissioner's compensation order dated March 28, 1945, the plaintiff brought about an assignment to his employer of his right to ˙recover damages from this defendant. Cf. Section 33(b) of the Act, 33 U.S.C.A. § 933(b). That award was made after investigation by the deputy commissioner and in consideration of the fact that prior compensation payments had been made by the plaintiff's employer. The acceptance of payment thereunder constituted an election under Section 33(a) of the Act to accept compensation rather than to recover damages against this defendant.

The plaintiff's contention that the acceptance of payments "under an award in a compensation order" requires that a hearing be granted the employee in order to make it valid is not borne out by the language of either Section 19(c) or Section 33(b) of the Act. There is no evidence that either the employer or the plaintiff ever asked for a hearing. In such case, the deputy commissioner is given power by Section 19(c) of the Act to make an award, after an investigation, but without a hearing, where he considers a hearing unnecessary.

The plaintiff's argument that his lack of knowledge that by accepting compensation pursuant to the award in the compensation order he was making an election under Section 33(a) thereby causing an assign-

ment of his right to sue this defendant under Section 33(b), enables him to rescind the assignment, is answered by the fact that he was represented by counsel who apparently approved the settlement with full understanding of its consequences.

I am, therefore, of the opinion that the plaintiff, by accepting payment from his employer under a valid award of the deputy commissioner, made an election to accept compensation, thereby causing an assignment to his employer of any claim he might have had against this defendant.

The remaining question to be determined is whether, as contended, by the plaintiff, he may revoke or rescind the assignment and sue this defendant because his employer has refused the plaintiff's request to prosecute the assigned claim against the defendant.

In United States Fidelity & Guaranty Company v. United States, 2 Cir., 152 F.2d 46, 48, Justice Hand states:

"So far as concerns the tortfeasor's liability to the employee beyond the amount of workmen's compensation, no agreement between the tortfeasor and the employer can prejudice the employee, because, although it is true that, by accepting compensation, the employee assigns his claim against the tortfeasor to the employer or insurer, the assignee holds it for the benefit of the employee so far as it is not necessary for his own recoupment. The assignee is in effect a trustee, and, although it is true that the statute gives him power to compromise the whole claim, he must not, in doing so, entirely disregard the employee's interest. * * *"

There is nothing in Justice Hand's opinion as above stated that would entitle the plaintiff to maintain the present action against the Eastern Steamship Lines. Even though the employer's failure to bring suit might be found to be without just cause, and detrimental to the rights of this plaintiff, there is nothing in this Act, as there is in the Massachusetts Workmen's Compensation Act, G.L.(Ter.Ed.) c. 152, § 15, which entitles the employee to bring suit against a third party tort-feasor when the employer-assignee of the claim fails to do so.

Though the employer-assignee be considered to hold the claim as a trustee for the employee, the employee-assignor having a beneficial interest therein, the plaintiff has no rights reserved against this defendant directly.

Without determining what rights this plaintiff may have against his employer, under the circumstances, I am of the opinion that he has no rights which he may prosecute against this defendant by the present action.

### Conclusions of Law

1. The acceptance of compensation under the award of the deputy commissioner operated as an assignment by the plaintiff to the Bethlehem Steel Company of all right to recover damages against the defendant Eastern Steamship Lines, Inc.

2. The plaintiff has no right of action remaining against this defendant.

3. Defendant's motion to dismiss is allowed.

The Clerk will prepare an order dismissing the plaintiff's action.