ETHEL M. MONTI, Plaintiff, *v.* GIMBEL BROTHERS, INC., et al., Defendants.

Supreme Court, Special Term, Kings County, September 20, 1948.

*Lazansky, Callaghan and Stout* for plaintiff.

*John P. Smith* for defendants.

WALSH, J. Plaintiff, employed by a concessionaire in defendant department store, on July 24, 1946, sustained personal injuries through the asserted negligent collapse of a folding seat furnished by such store. Plaintiff applied for and obtained workmen's compensation awards under the coverage running to her employer. Concededly more than a year has elapsed since the accrual of the cause of action and concededly such cause of action has now passed by operation of the statute (Workmen's Compensation Law, § 29) to the defendant insurance company which paid the awards. Plaintiff, nevertheless, has brought this suit in equity upon complaint allegations reciting the above and, in addition, that the defendant insurance company, being the insurer not only of plaintiff's employer, but of the defendant department store as well, will not bring a third party action against the latter for the reason that it would, in effect, be suing itself — hence the plaintiff is deprived of the benefit of any excess recovery which might be obtained in such action. Plaintiff seeks to have the defendant store as a third party tort-feasor adjudged liable to plaintiff and defendant insurance company, that the judgment be entered against defendant store in favor of defendant insurance company and that the insurance company be adjudged to hold two thirds of the excess for the benefit of plaintiff and to pay said excess to plaintiff.

Defendants have moved to dismiss the complaint on the ground that plaintiff is without capacity to bring the action and on the ground that complaint fails to state a cause of action. The motion must be granted.

The Legislature, in enacting the Workmen's Compensation Law, provided remedies unknown to the common law. At the same time it imposed restrictions upon former common-law rights as it unquestionably had the power to do. One of such restrictions was that laid down in section 29, which, while preserving to an employee injured through the negligence of a third party the right to pursue such third party for damages sustained, even after accepting compensation benefits, restricted such right by, in effect, placing a shortened Statute of Limitations thereon, to wit, a year from the date of the injury. Failing to pursue the right thus given within the allotted time the cause of action automatically passes to the person "liable for the payment of such compensation."

Statutes in various States "all of which are constitutional, fall into four groups: (a) those which allow the employee to keep both the tort and compensation rights and awards;

(b) those which allow the worker to sue the stranger and collect, and return to the employer or insurer the amount of compensation received, or a lesser amount if the tort recovery was less; (c) those which make the insurer or employer the statutory subrogee or assignee, and permit only the insurer or employer to sue the stranger, and to turn over most of the excess tort recovery, if any, to the employee; and (d) those which combine parts of the first three, e.g., allowing the employee to sue after a specified period if the insurer does not." (Horovitz on Workmen's Compensation, pp. 342–344.)

It is apparent that the statute in this State is one which combines the parts of other common forms.

Within the scope of its coverage the Workmen's Compensation Law of this State is conclusive and such provision and such language, as pointed out in *Taylor* v. *New York Central R. R. Co.* (294 N. Y. 397, 402), "is plain language." The statute in this State does not require the insurance carrier to institute an action.

Ample latitude is afforded the employee injured as aforesaid, under the statute, for the protection of rights even against a third party tort-feasor. If such remedy was permitted to lapse the employee can have no just cause to complain.

To uphold the sufficiency of the complaint herein the court would have to sustain a contention advanced by plaintiff and read into the statute something that is not there, namely, that plaintiff in addition to a cause of action at law against the third party tort-feasor, limited by a year's period as aforesaid, also has a cause of action in equity against such tort-feasor, under conditions here asserted, which is not subject to any restriction except the general Statute of Limitations.

The decision of the Court of Appeals in the *Taylor* case (*supra*) sustains the conclusion reached and requires the granting of the motion to dismiss. There, plaintiff, employed by the Pullman Company, had accepted compensation from the latter and after the lapse of a year had attempted to pursue defendant railroad company as a third party tort-feasor. It was asserted that the Pullman Company had an agreement to save defendant railroad harmless from any claims by reason of injuries to Pullman employees, thus, in effect disabling itself from bringing a third party suit against the railroad. Plaintiff, in the *Taylor* case, as here, sought to avoid the limitations of section 29, arguing that such limitation is "inoperative when the compensation payer is disabled and barred from prosecuting the cause of action." The Court of Appeals rejected such plea, stating,

" No exception is supplied for " such a situation. " Finding no such exception, we would be legislating if we read one in, and that we cannot do " (p. 402).

Plaintiff herein attempts to overcome the applicability of the decision in the *Taylor* case (*supra*) upon the ground that the action there was at law while the present suit is in equity. A reading of the report and decision in the *Taylor* case reveals however that the equitable issue here tendered was presented and was rejected by the Court of Appeals.

The motion to dismiss is granted. Submit order.