**Blazey CZAPLICKI, Libelant,**

v.

**THE HOEGH SILVERCLOUD, her boilers, engines, tackle, apparel and furniture**

**and**

**Oivind Lorentzen, as Director of Shipping and Curator of the Royal Norwegian Government, doing business under the name and style of The Norwegian Shipping and Trade Mission, Kerr Steamship Company, Inc., and Hamilton Marine Contracting Company, Inc., Respondents.**

United States District Court
S. D. New York.
Nov. 30, 1953.

---

1. The accident occurred "more than a mile" from the service station.

Nathan Baker, New York City, for libelant, by Bernard Chazen, Hoboken, N. J.

Galli & Locker, New York City, for Hamilton Marine Contracting Co., Inc. by Bernard J. McGlinn, New York City.

GODDARD, District Judge.

This is a motion by libelant to strike the fifth separate defense in the answer filed by respondent, Hamilton Marine Contracting Company, Inc.; and to add

Travelers Insurance Company as a party or to order Travelers to assign the cause of action for injuries suffered by libelant, to libelant.

Libelant filed this suit on June 12, 1952 to recover for injuries allegedly suffered by him, as a longshoreman employed by Northern Dock Company, while loading the S/S Hoegh Silvercloud on September 6, 1945. Libelant alleges that Hamilton negligently failed to fasten a catwalk they constructed and that it collapsed while he was on it, thereby causing his injury.

In July, 1952, one of the respondents, Kerr Steamship Company, excepted to the libel on the ground that libelant had elected to, and did, receive a compensation award under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950. Judge Sugarman, of this district, found that libelant had made such an election and received a compensation award, and any cause of action against a third party was thereby assigned to his employer. The libel was dismissed as to Kerr on December 11, 1952, 110 F.Supp. 933. An appeal from this decision is pending.

Hamilton, in its answer, denies any negligence, alleges contributory negligence and laches and its fifth defense asserts that by virtue of libelant's election, the cause of action was assigned to his employer, Northern, and/or its insurance carrier, Travelers.

Libelant asserts that Travelers is the insurance carrier for both Northern and Hamilton and says that Travelers "has failed or refused to sue the third parties responsible for libelant's injuries as it would in effect be suing itself, being also the insurance carrier for the Hamilton Marine, and thereby failed and breached its obligation as trustee for libelant." Libelant thus seems to assume that he may sue, or require Travelers to sue.

Title 33 U.S.C.A. § 933, provides:

"Compensation for injuries where third persons are liable.

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, * * * to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner *shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person.*

\* \* \* \* \*

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

"(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

"(1) The employer shall retain an amount equal to—

"(A) the expenses incurred by him in respect to such proceedings or compromise * * *;

"(B) the cost of all benefits actually furnished by him to the employee under section 907;

"(C) all amounts paid as compensation;

"(D) * * *

"(2) The employer shall pay any excess to the person entitled to compensation or to the representative.

\* \* \* \* \*

"(i) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier

shall be subrogated to all the rights of the employer under this section." [Emphasis added.]

In Hunt v. Bank Line, 4 Cir., 1929, 35 F.2d 136, the court passed on this very question. The libelant there argued that where, after the assignment of the cause of action to his employer, it refused to sue the third party because its insurance carrier was also the carrier for the vessel, the employee could bring suit, joining his employer as a party. The court held to the contrary, on the ground that the statute did not allow it. The court stated at page 138:

"It is the employer, to whom the cause of action is assigned upon payment of compensation, who is given the right of deciding whether he will hazard the costs and expenses of suit. It is the employer who is given the power to determine whether a compromise shall be accepted or not. And the employee, having accepted the compensation which the law has fixed, has no further interest in the matter, unless the employer decides to sue and succeeds in recovering more than is necessary for his reimbursement. Then, and not until then, the interest of such employee arises. *And this is given by the statute, to the employee, not, we think, because he is deemed to have any interest in the cause of action, but to avoid the unseemly spectacle of the employer realizing a profit from his injury.*" [Emphasis added.]

In Johnsen v. American-Hawaiian S.S. Co., 9 Cir., 1938, 98 F.2d 847, at page 850, the court declared:

"We think that a sound construction of the act warrants the conclusion that once the employee has made a valid binding election to accept compensation he has no further control over the cause of action against the third person whose negligence caused the injury." Accord, The Nako Maru, 3 Cir., 1939, 101 F.2d 716, at page 717; Moore v. Hechinger, 1942, 75 U.S.App.D.C. 391, 127 F.2d 746, at page 748.

The Act gives the employee the right to elect between compensation from his employer and a suit against the third party. But he cannot have both. Moore v. Hechinger, supra, 127 F.2d at page 748; Fontana v. Pennsylvania R. Co., D.C., 106 F.Supp. 461, 463.

Having made his election to receive the compensation award, the libelant has no further rights against Hamilton. Currant v. Eastern S.S. Lines, D. C., 77 F.Supp. 9, affirmed on the opinion of the district court, 1 Cir., 1948, 170 F.2d 148.

However, if Northern, or its insurance carrier, Travelers, had brought suit against Hamilton and recovered an amount in excess of the compensation paid, plus expenses incurred in the suit, Northern, or its insurance carrier, would hold such excess as trustee for the libelant. It follows that the motion to strike the defense must be denied.

It also follows that libelant's attempt to require Travelers to bring suit must be denied. Under the Act, by the express election of libelant, all rights were assigned to the carrier here. By the specific terms of the Act, the carrier is given control of the litigation, upon assignment. California Casualty Indemnity Exchange v. United States, D.C., 74 F.Supp. 410; The Aden Maru, D.C., 51 F.2d 599, 600. It is the carrier's right to compromise the employee's claim against third parties as it sees fit. The Etna, 3 Cir., 1943, 138 F.2d 37, at page 40.

The employee is entitled to claim compensation although the accident was due partly or entirely to his own negligence. It is plain that, since the carrier's liability to pay compensation is absolute whereas the possible liability of a third party is grounded on proof of its negligence, there will be many occasions where the carrier may not be able to recover over against the third party. **cf.**

Loraine v. Coastwise Lines, D.C., 86 F. Supp. 336, 339. The Act clearly gives the carrier the freedom, in the absence of fraud, to weigh its chances of recovery and to make its choice to sue or not, accordingly. "The authority on the part of the employer to compromise without instituting suit negatives any right on the part of the employee to have suit instituted. And it is to be noted, also, that the employee is given no power to control or veto the compromise." Hunt v. Bank Line, supra, 35 F.2d at page 137.

In Moore v. Hechinger, supra, the court in holding that an employee was not a proper party plaintiff in a suit against a third party by the insurance carrier, stated, 127 F.2d at page 749:

"Furthermore, reason compels this conclusion, for if the employee is a necessary or proper party, the freedom of action which the statute vests in the employer in the circumstances we are considering would be lost. He could neither dismiss, settle, nor prosecute over the objection of his co-plaintiffs. His hands would be tied, and the thing which the statute gives him absolutely would be subject to the control of another. Such a result the language of the statute does not warrant."

This reasoning is applicable here. To allow a libelant to step in again, after he has deliberately made his election to accept the award, and to require that suit be brought, would contravene the intent of the statute. To require a carrier to institute suit where in its judgment there may be little or no chance for recovery would be oppressive, and contrary to the Act.

■ Were there a showing of fraud, the result might be different. cf. The Kokusai Kisen Kabushiki Kaisha, D.C., 44 F.2d 659; United States Fidelity & Guaranty Co. v. United States, 2 Cir., 1945, 152 F.2d 46, at page 48; Currant v. Eastern S.S. Lines, supra. The libelant does not charge fraud. In fact his charges fall far short of the usual requirements for pleading fraud. cf. Rule 9(b) F.R.C.P., 28 U.S.C.A.

The New York cases, under the New York Workmen's Compensation Law, a similar statute, have also held that the statutory assignment is absolute, in the absence of fraud, cf. Skakandy v. State of New York, 274 App.Div. 153, 80 N.Y.S.2d 849, affirmed 298 N.Y. 886, 84 N.E.2d 804; Taylor v. New York Central R. Co., 294 N.Y. 397, 402, 62 N.E.2d 777; Monti v. Gimbel Bros., 192 Misc. 811, 82 N.Y.S.2d 781, affirmed 275 App. Div. 845, 89 N.Y.S.2d 238.

Motion denied. Settle order on notice.