RUSSELL OLKER, Respondent, v. CONSTANTINO SALOMONE, Doing Business as SOUNDVIEW FIRE PROOFING Co., et al., Appellants.— On October 31, 1950, plaintiff sustained injuries in the course of his employment. On February 19, 1951, a compensation award was made to plaintiff. On May 9, 1951, the compensation carrier of plaintiff's employer asserted its lien on the proceeds of any recovery in any action against a third party. On October 30, 1951, plaintiff commenced his third-party action. Appellants' answer, served December 4, 1951, is a general denial. In June, 1952, appellants moved for leave to serve an amended answer to allege that plaintiff is not a proper party plaintiff because the action had been assigned to the compensation carrier under subdivision 2 of section 29 of the Workmen's Compensation Law, as it existed before September 1, 1951, in view of the fact that the third-party action had not been commenced within six months after the compensation award. This appeal is from the order denying that motion. Order reversed, with $10 costs and disbursements, and motion granted, without costs; the amended answer to be served within ten days from the entry of the order hereon. The assignment of the cause of action to the insurance carrier became absolute on August 19, 1951 (six months after the compensation award) on plaintiff's failure to commence a third-party action on or before that date. The amendment (L. 1951, ch. 527) of subdivision 2 of section 29 of the Workmen's Compensation Law, effective September 1, 1951, was not intended to divest the carrier of the ownership of that cause of action. Even if the amendment were a procedural statute, it could not " reach backward, and nullify by relation the things already done " (*Matter of Berkovitz* v. *Arbid & Houlberg*, 230 N. Y. 261, 270), i.e., it could not reassign to plaintiff the cause of action which had already been assigned by operation of law to the insurance carrier on August 19, 1951. The statute, effective September 1, 1951, did not create a new or additional remedy. The remedy against the third party existed before the statute and continued thereafter. It was merely the ownership of the cause of action which was affected by the amendment. The assertion of the lien by the compensation carrier on May 9, 1951, was in no way inconsistent with its subsequent assertion of ownership of the cause of action based on the failure of plaintiff to commence the third-party action on or before August 19, 1951. Nolan, P. J., Adel, Schmidt, Beldock and Murphy, JJ., concur. [202 Misc. 1041; see *post,* p. 1103.]

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS McGOLDRICK, Appellant.— Judgment of the County Court, Kings County, convicting appellant of the crime of manslaughter in the second degree, as a second felony offender, reversed on the law and the facts and a new trial ordered. In reviewing the evidence for the jury, the trial court characterized certain evidence as " some speculation " when the fact is that such evidence had been agreed upon by stipulation. Under the wording of the indictment, there was no error in failing to charge the jury with respect to assault in the first degree. (*People* v. *Santoro,* 229 N. Y. 277.) Assault in the second degree might have been charged upon suitable request which would include an assumption that it was found that the act complained of was not the cause of death. The new trial is granted in the interests of justice. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Adel, Wenzel and Schmidt, JJ., concur; Nolan, P. J., and Beldock, J., dissent and vote to affirm. [See *post,* p. 1059; 284 App. Div. 978.]