223 F.2d 189
 Blazey CZAPLICKI, Libelant-Appellant,
v.
The VESSEL "SS HOEGH SILVERCLOUD" her boilers, engines, tackle, apparel and furniture, Oivind Lorentzen, as Director of Shipping and Curator of the Royal Norwegian Government, doing business under the name and style of The Norwegian Shipping and Trade Mission, Kerr Steamship Company, Inc., and Hamilton Marine Contracting Company, Inc., Respondents.
 No. 278.
 Docket 23429.
 United States Court of Appeals Second Circuit.
 Argued April 13, 1955.
 Decided May 23, 1955.
 
 The libelant is a longshoreman formerly in the employ of the Northern Dock Company. While loading the S.S. Heogh Silvercloud at a Hoboken pier, he was injured by the collapse of steps built by carpenters in the employ of the Hamilton Marine Contracting Company. Both the Northern Dock Company and the Hamilton Marine Contracting Company were insured against liability by the Travelers Insurance Company.
 Within a month after the accident, the libelant visited the offices of the United States Employees Compensation Commission and discussed with them the methods available to him to receive compensation for his injury. At the office of the Compensation Commission he was told the applicable sections of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., which provide that a longshoreman may file a claim for compensation for injuries with the Commission, Section 919, that the deputy commissioner shall reject the claim or award compensation in respect of it, Section 919 (c), that acceptance of award of compensation shall operate as an assignment to the employer of all rights to recover damages against any third person responsible for the injury, Section 933(b), that the employer may either institute proceedings against the third person or compromise without formal proceedings, Section 933(d), that the amount recovered from the third person shall be retained by the employer up to the amount paid out under the award of compensation, and any excess paid to the injured party, Section 933(e), and that if the employer is insured and the insurance company has paid the award of compensation, the insurance company shall be subrogated to all of the employer's rights under the statute, Section 933 (i).
 Czaplicki stated that he wished to receive the statutory award of compensation. A formal award of $160.72 was then made, and this amount was paid to him by the Travelers Insurance Company, insurers of Czaplicki's employer, to whose rights they were subrogated. The Insurance Company never brought suit against the third person, the Hamilton Marine Contracting Company, for whom they were also insurers.
 Seven years later, in 1952, the libelant instituted the present action against the Hamilton Company, the vessel, and Oivand Lorentzen and the Kerr Steamship Company, Inc., owners and operators of the vessel. The Kerr Company excepted, partially on the grounds that libelant, by accepting the award of compensation, had waived his rights in the matter and was no longer a proper party to bring suit. Judge Sugarman dismissed the libel as to the Kerr Company on those grounds, 110 F.Supp. 933. Libelant then moved to strike one of Hamilton's defenses — that by virtue of his election he was no longer a proper party to bring suit — and further moved to add the Travelers Insurance Company as a party-plaintiff or to order Travelers to assign its cause of action in the matter to the libelant. Judge Goddard denied the motion in all respects on the grounds that, in the absence of fraud, the assignment was absolute. 133 F.Supp. 358. Judge Ryan then held a hearing and dismissed the libel as to the other parties on the authority of Judge Sugarman's earlier decision. Libelant has appealed.
 Nathan Baker, Hoboken, N. J., for libelant (Baker, Garber & Chazen, Hoboken, N. J., of counsel; Bernard Chazen, Hoboken, N. J., on the brief).
 Galli & Locker, New York City (Patrick E. Gibbons, New York City, of counsel), for respondent-appellee Hamilton Marine Contracting Co.
 Haight, Gardner, Poor & Havens, New York City, for respondents-appellees Oivand Lorentzen, as Director of Shiping and Curator of the Royal Norwegian Government, doing business under the name and style of The Norwegian Shipping and Trade Mission, Kerr Steamship Co., Inc., (Francis X. Byrn and James M. Estabrook, New York City, of counsel).
 Before CLARK, Chief Judge, and FRANK and HASTIE, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 1. When an injured party elects to receive an award of compensation under the terms of the Longshoremen's and Harbor-Workers' Compensation Act, the election operates as an assignment to his employer or his employer's insurer, of his right of action against third persons who may have caused the injury. Hunt v. Bank Line, 4 Cir., 35 F.2d 136. The injured party is not without a financial interest in subsequent proceedings, however, for if the assignee recovers from the third person any amount in excess of the award of compensation, that excess goes to the injured party. Libelant argues that, because of this financial interest in the potential recovery from the third person, he is, in effect, a beneficiary, and the assignee is, in effect, a trustee who holds a right in action in trust for the injured party. He cites the following words of Judge Learned Hand, written in respect of the statute as to compromises between assignee and tort-feasor: "* * * although it is true that, by accepting compensation, the employee assigns his claim against the tort-feasor to the employer or insurer, the assignee holds it for the benefit of the employee so far as it is not necessary for his own recoupment. The assignee is in effect a trustee, and, although it is true that the statute gives him power to compromise the whole claim, he must not, in doing so, entirely disregard the employee's interest." United States Fidelity & Guaranty Co. v. United States, 2 Cir., 152 F.2d 46, 48.
 
 
 2
 The contention may be said to have particular force where, as in the instant case, the assignee is not in the ordinary position of adverse interest to the third party, but is an insurer who has a common interest with the third party because he has also insured that party.
 
 
 3
 We do not, however, need to decide this issue; for, on account of his laches, libelant has surely lost whatever interest he may once have had in recovery from the third party. Whether the statute of limitations of New Jersey, where the libelant resides and where the accident occurred, or the statute of limitations of New York, where suit was brought, is our guide, the time has long since passed when the assignee might have recovered against the alleged tort-feasor.
 
 
 4
 2. Libelant contends, in the alternative, that no legitimate award of compensation was ever made because of alleged procedural defects in the compensation proceedings. But the statute allows direct judicial review of an award, 33 U.S.C.A. § 921, and that section provides the exclusive method of securing judicial relief. Even assuming, however, that an award may be thus collaterally attacked, libelant's allegation of error is without merit. He alleges that the deputy commissioner did not literally comply with the procedural requirement that he either hold a hearing on the claim or make an award without a hearing after twenty days has expired since service on the employer of notice of the claim. 33 U.S.C.A. § 919. In the instant case, there was no hearing nor was a hearing requested. Admittedly, the deputy commissioner did not wait until twenty days had expired after notice to the employer. But that requirement is solely for the benefit of the employer by allowing him sufficient time to prepare a defense, if any, to the claim.
 
 
 5
 Affirmed.