John Arthur McCALL, Plaintiff,

v.

UNITED ENGINEERING & FOUNDRY
CO., Defendant.

United States District Court
S. D. New York.

Feb. 21, 1957.

Klonsky & Steinman, New York City, for plaintiff.

Garvey & Conway, New York City, for defendant, Joseph E. Soffey, New York City, of counsel.

DAWSON, District Judge.

This is a motion to strike as insufficient·in law that part of defendant's answer asserting that the plaintiff is not the real party in interest. Defendant's answer has previously been sustained but plaintiff here, in effect, moves for reconsideration on the authority of Czaplicki v. The Heogh Silvercloud, 1956, 351 U.S. 525, 76 S.Ct. 946, 100 L. Ed. 1387.

In 1950 plaintiff sustained personal injury for which he received an award under the New York Workmen's Compensation Law, McKinney's Consol. Laws,

c. 67. In regard to common law rights it provides, in § 29, that if an injured employee has a cause of action against someone not his employer he may receive his Workmen's Compensation award and then pursue his remedy against a third party. Thus full damages may be obtained from a third party tort-feasor and the compensation carrier is granted a lien to prevent double recovery. Section 29, however, sets a six month limit for the commencement of an employee third party action; for if an action is not timely instituted:

" * * * such failure shall operate as an assignment of the cause of action * * * to the * * * insurance carrier liable for the payment of such compensation."

 In 1953, more than six months after rendition of the compensation award, this third party action was commenced. But as provided by § 29, the assignment of the cause of action to the insurance carrier had already become absolute. This result is not changed by an amendment to § 29, effective September 1, 1951, providing that an employee's failure to commence a third party action within six months does not automatically operate as an assignment of his cause of action. For it has been held that the 1951 amendment has no retroactive effect and does not validate an action based on injuries sustained prior to the amendment. Olker v. Salomone, 2d Dept. 1954, 283 App.Div. 948, 130 N.Y.S.2d 229. Absent the amendment to § 29, the New York courts have consistently held that an employee cannot maintain a third party action instituted more than six months after the rendition of the compensation award. See, e. g., Taylor v. New York Central R. Co., 1945, 294 N.Y. 397, 62 N.E.2d 777, certiorari denied, 1946, 326 U.S. 786, 66 S.Ct. 470, 90 L.Ed. 477; Monti v. Gimbel Bros., 1st Dept. 1949, 275 App.Div. 845, 89 N.Y.S.2d 238.

Petitioner now contends that the New York prohibition has been overruled by the United States Supreme Court. In Czaplicki v. The Heogh Silvercloud, supra, the Federal Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., was raised as a defense to a third party action instituted by a longshoreman after acceptance of a compensation award. Section 933(b) states:

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

The Court, finding a conflict of interests between the assignee and the longshoreman, held that the Act did not preclude the longshoreman from maintaining an action against a third party [351 U.S. 525, 76 S.Ct. 950]:

" * * * all we hold is that, given the conflict of interests and inaction by the assignee, the employee should not be relegated to any rights he may have against the assignee, but can maintain the third-party action himself. In so holding, we recognize that * * * certain state courts under similar statutes, see Taylor v. New York Central R. Co., 294 N.Y. 397, 62 N.E.2d 777 * * * [have held otherwise]."

 Just as the Supreme Court is the final arbiter of the Longshoremen's Act, so the New York Court of Appeals is the final arbiter of the New York Workmen's Compensation Law. The interpretation of a New York statute rendered by the New York courts is binding upon a United States District Court sitting in New York. Burns Mortgage Co. v. Fried, 1934, 292 U.S. 487, 54 S.Ct. 813; Cf. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Accordingly, the contention that Czaplicki has overruled the New York rule must be rejected.

Motion denied.