## ALLEN v. PULLMAN COMPANY.

### No. 26864-L.

Circuit Court, Duval County.

December 10, 1958.

William D. Barfield, Jacksonville, for plaintiff.

Loftin & Wahl, Jacksonville, for defendant.

W. A. STANLY, Circuit Judge.

This case coming on to be heard on defendant's motion for summary judgment, and the matter having been heard, after due notice, upon consideration, the court finds—

1. Plaintiff's claim is based on the contention that defendant, the Pullman Company, is a common carrier by railroad engaged in interstate commerce, and that the action arises under the Federal Employers Liability Act, 45 U.S.C. 51-60.

2. Defendant has filed an affidavit by its vice-president showing that the Pullman Company is not a railroad; that it is not a common carrier by railroad; that it does not own, or lease, any railroad track or line of railroad and neither owns nor operates locomotives or engines; that it is engaged exclusively in the business of furnishing sleeping accommodations and services to railroads with which it has service contracts; that it does not employ and has never employed engineers, firemen, brakemen, flagmen, signalmen, or other persons whose duty it is to operate or direct the operation of a locomotive or train.

That whenever a sleeping car owned or leased by the Pullman Company forms a part of the train, the operation of the engine and the movement of the train are under the exclusive control of the employees of the railroad over whose line of track the train is moving.

That the Pullman Company does not contract, undertake, or hold itself out as being equipped to transport passengers from one point to another, but contracts and undertakes and holds itself out as being equipped solely to furnish sleeping car accommodations for persons transported from place to place by railroad.

That the Pullman Company does not sell or furnish transportation; that it sells and furnishes, solely, Pullman accommodations and service to passengers who have purchased transportation from a railroad.

3. A somewhat similar situation was involved in the case of Arthur C. Amos v. The Pullman Company (C.A.D.C. 1956), 236 Fed. 2d 666, certiorari denied October 8, 1956, 77 Sup. Ct. 64, in which the complete opinion of the United States Court of Appeals for the District of Columbia reads as follows—

"Alleging that he was injured while repairing railroad sleeping cars in the course of his employment by appellee, appellant brought this suit under the Federal Employers' Liability Act, as amended, which is applicable to 'every common carrier by railroad * * *'. The District Court granted appellee's motion for summary judgment on its view that the uncontroverted affidavit of appellee's vice-president established that appellee was not a 'common carrier by railroad'. On this appeal appellant insists that whether or not appellee is subject to the Federal Employers' Liability Act remains a genuine issue of material fact and must therefore be tried. We think the District Court was clearly right. See Wells Fargo & Co. v. Taylor, 1920, 254 U. S. 175, 41 S. Ct. 93, 65 L. Ed. 205; Taylor v. New York Central R. Co., 1945, 294 N. Y. 397, 404, 62 N. E. 2d 777, 780; Latsko v. National Carloading Corp. 6 Cir., 1951, 192 F. 2d 905, 909; S. Rep. No. 661, 76th Cong., 1st. Sess. 2 (1939).

"Affirmed."

4. To the general effect that the Pullman Company is not a common carrier by railroad see also Marie B. Fleishel v. Seaboard Air Line Railroad and the Pullman Company, case no. 24825-L, pending in this division of the Circuit Court of Duval County; Albert H. Ainslow v. the Pullman Company, #1275-J Civil, United States District Court for the Southern District of Florida, Jackson-

ville Division; Karl A. Selter v. Seaboard Air Line Railroad and the Pullman Company, #1776-J Civil, United States District Court for the Southern District of Florida, Jacksonville Division, Travellers Insurance Co. v. Atlantic Coast Line R. R. Co. and the Pullman Company, case no. 11457, Circuit Court, Orange County, Florida; and the authorities cited in the Amos Case, supra.

And the court finding that there is no genuine issue as to any material fact and that the defendant, the Pullman Company, is entitled to summary judgment in its favor herein,

It is, upon consideration, ordered and adjudged that defendant, the Pullman Company, be granted a summary judgment under Florida Civil Procedure Rule 1.36; that plaintiff John F. Allen take nothing by his suit; and that defendant the Pullman Company go hence without day; provided that this judgment is without prejudice to the rights of the plaintiff, if any, under the Florida Workmen's Compensation Act.