◼ NICHOLAS FRIELLO et al., Respondents, v. BLACK & DECKER MANUFAC-TURING ·Co. et al., Defendants, and CARBORUNDUM COMPANY, Appellant.— In a negligence action by plaintiffs pursuant to statute (Workmen's Compensation Law, § 29, subds. 1, 2), to recover from third parties (other than their employer, Colonial Sand & Stone Company) damages sustained by them in the course of their employment, in which one of the third parties, defendant Carborundum Company, asserted the defense that the plaintiffs failed to com-mence the action within the time prescribed by said statute and that under its provisions such failure operated as an assignment to the employer or to its workmen's compensation insurance carrier of the causes of action alleged in the amended complaint and barred plaintiffs from now prosecuting them, said defendant appeals from the following three orders of the Supreme Court, Kings County: (1) an order dated May 10, 1961, which denied its motion, under rule 113 of the Rules of Civil Practice, for summary judgment dismissing the amended complaint as to it; (2) an order dated June 5, 1961, which denied its motion for reargument; and (3) an order dated July 18, 1961, which denied its motion to resettle the said order of June 5, 1961 so as to state specifically that it denied defendant's motion for "rehearing and reargument." Order of May 10, 1961 denying summary judgment, and order of July 18, 1961 denying resettlement, affirmed, with one bill of $10 costs and disbursements. Appeal from order of June 5, 1961 denying reargument dismissed; such order is not appealable. The only issues presently involved are those raised by the asserted defense of the defendant ·Carborundum Company that the causes of action are barred by the statute (Workmen's Compensation Law, § 29, subd. 2) on the ground that they were automatically assigned to the compensation insur-ance carrier of the plaintiffs' employer. As a condition precedent to such assignment, the statute requires the service within a specified time, either in person or by registered mail, of a notice upon the injured person apprising him of his right to sue a third person within the time prescribed by the statute. In purported compliance with the statute, said defendant's insurance carrier (who is also the insurance carrier for plaintiffs' employer) served such notices upon plaintiffs by " certified mail." While we believe that the manner in which such notices were served is sufficient, nevertheless, in view of the unusual cir-cumstances here, we find that triable issues of fact exist concerning the suffi-ciency of their contents. We reach this conclusion on the basis of the papers submitted on the original motion for summary judgment. We would reach the same conclusion, however, on the basis of the additional papers attempted to be

submitted on the subsequent motions. Beldock, P. J., Kleinfeld, Christ and Brennan, JJ., concur; Hopkins, J., concurs in the dismissal of the appeal from the order of June 5, 1961 denying reargument; concurs in the affirmance of the order of July 18, 1961 denying resettlement; and dissents from the affirmance of the order of May 10, 1961 denying summary judgment and votes to reverse such order and to grant the motion of defendant Carborundum Company for summary judgment dismissing the amended complaint as to it, with the following memorandum: Each plaintiff in this action filed a claim against his employer under the Workmen's Compensation Law for injuries sustained in the course of his employment as a result of an accident which occurred on June 19, 1958. The plaintiffs began third-party actions against the defendants Black & Decker Manufacturing Co. and Norton Company on January 8, 1959 and January 9, 1959, respectively, within the time limited by the statute (Workmen's Compensation Law, § 29). On March 5, 1959 the employer's compensation insurance carrier sent a letter by certified mail to each plaintiff, stating, in part, that "It appears that you may have a cause of action against someone other than your employer for injuries" further specifying the time limits prescribed by the statute for the institution of third-party actions, informing them that "Failure to bring such action within such time will act as an assignment to the insurance carrier by operation of law," and setting forth that the letter was sent pursuant to the statute at least 30 days prior to the expiration of the time limited for the commencement of the action. Within the span of approximately a week, the attorney for each plaintiff acknowledged the receipt of the letter and stated that the afore-described third-party actions had been instituted. On February 1, 1961 the plaintiffs began an action against the defendant Carborundum Company alleging in an amended complaint that it, in company with the other named defendants, was liable by reason of its negligence to the plaintiffs for their injuries. The insurance carrier for the defendant Carborundum Company is also the compensation insurance carrier for plaintiffs' employer. On this appeal from an order denying its motion for summary judgment, it is the position of the defendant Carborundum Company that under the provisions of section 29 of the Workmen's Compensation Law the cause of action against it had been assigned by operation of law to the employer's insurance carrier. If the notices sent to the plaintiffs conformed to the statute, then their failure to bring a third-party action within one year from the date of the accrual of the action operated as an assignment of the cause of action to the employer's insurance carrier (*Eisenberg* v. *Adler Realty Co.*, 273 App. Div. 641, affd. 299 N. Y. 572). Whether under the requirements set forth in the statute the form or content of the notice is valid and whether the manner of its service by certified mail (instead of registered mail) is valid, present questions of law alone for determination by the court (cf. *Kinner* v. *Board of Educ.*, 6 A D 2d 204; *Chikara* v. *City of New York*, 10 A D 2d 862; *Salner* v. *City of New York*, 12 A D 2d 771). In my opinion, service of the notices by certified mail rather than by registered mail did not render them nugatory, especially since actual receipt is not disputed (*Gorman* v. *Transocean Air Lines*, 158 F. Supp. 339). With this conclusion the majority of this court seem to agree. It is also my opinion, contrary to the majority's opinion, that the form or content of the notices complied with the statutory directions. The statute does not require that the notice identify the persons against whom a third-party action may lie; the purpose of the notice is to alert claimants that an automatic assignment of causes of action against third parties will take place unless they proceed with such actions. Here, the plaintiffs and their attorneys were plainly aware of their rights and had already brought third-party actions against one of the defendants, the Black & Decker Manufacturing Co. That the employer's

compensation carrier was also the insurance carrier for the defendant Carborundum Company creates no triable issue of fact. Once the assignment of the cause of action occurs by operation of law, it vests in the assignee the absolute ownership of the action and the concomitant right to dispose of it, at any stage of the proceedings, for such sum as the assignee may deem proper and sufficient (*Taylor* v. *New York Cent. R. R. Co.*, 294 N. Y. 397; *Skakandy* v. *State of New York*, 274 App. Div. 153, 156, affd. 298 N. Y. 886). In any event, the question of the duty of the carrier vis-a-vis the plaintiffs with respect to the prosecution or compromise of the cause of action in good faith, does not presently arise (cf. *Monti* v. *Gimbel Bros.*, 192 Misc. 811, affd. 275 App. Div. 845, motion for leave to appeal denied 300 N. Y. 762). Hence, I am unable to find any triable issue of fact requiring a trial. The recent case (*Hansen* v. *Cauldwell-Wingate Co.*, 3 A D 2d 757) does not hold to the contrary. There it appeared that after one notice under section 29 of the Workmen's Compensation Law was given to the claimant, a second notice to the same effect was sent, thereby raising the issue whether the first notice had been waived. No such question is involved here. [28 Misc 2d 658.]